Rodríguez, Demandante y Apelado, v. Mercado e Hijos,
Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Ponce en
pleito sobre daños y perjuicios.

No. 2062.—Resuelto en mayo 8, 1920.

Jurisdicción por Razón de la Materia—Jurisdicción de Almirantazgo—Daños y Perjuicios por Negligencia.—Las cortes de distrito de Puerto Rico carecen de jurisdicción para conocer de un pleito en que el demandante reclama indemnización de acuerdo con una ley local regulando la acción de daños e indemnizaciones a ·obreros, por lesiones sufridas en 1916 a bordo de un lanchón que transportaba azúcares hasta el costado de un vapor surto en un puerto de la isla. Tal ley no es una de las excepciones en que las cortes locales tienen jurisdicción concurrente con las de almirantazgo, por lo que es de aplicación al presente caso la doctrina consignada por el Tribunal Supremo de los Estados Unidos en los casos de *Atlantic Transport Company Imbrovek*, 234 U. S. 52, de *Southern Pac. Co.* v. *Jensen*, 244 U. S. 205, y de *Peter* v. *Nellie Vearsey*, resuelto en 8 de diciembre de 1919.

Los hechos están expresados en la opinión.
Abogado de los apelantes: Sr. A. F. Castro.
Abogado del apelado: Sr. R. Martínez Nadal.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Alega el apelante ante nosotros en el recurso de apelación que tiene interpuesto contra la sentencia de la Corte de Distrito de Ponce que lo condenó a pagar al apelado determinada cantidad de dinero como indemnización, y por primera vez en este pleito, que dicha corte y este Tribunal Supremo carecen de jurisdicción para conocer de este litigio por razón de la materia, porque la reclamación que en él se hace corresponde a la jurisdicción de almirantazgo, que es exclusiva de las Cortes de Distrito de los Estados Unidos, y cita los casos de *Atlantic Transport Company* v. *Imbrovek*, 234 U. S. 52, y de *Southern Pac. Co.* v. *Jensen*, 244 U. S. 205, en los cuales se declara que el trabajo realizado por un estivador (*stevedore*) a bordo de un buque al descargarlo en el muelle en aguas navegables es marítimo; que su ocupación en ese trabajo y los daños que sufra son de igual modo marítimos; que los derechos y responsabilidades

que de ese trabajo surjan, empleo y daños, se hallan claramente dentro de la jurisdicción de almirantazgo y que la ley del Estado sobre compensaciones a obreros no tenía aplicación cuando el accidente ocurrió. Posteriormente se hizo aplicación de esa doctrina en el caso de *Peters et al.* v. *Nellie Veassey,* resuelto por el mismo tribunal en diciembre 8 de 1919, al caso de un cargador (*longshoreman*) ocupado a bordo de un buque en su descarga.

La demanda está fechada el 27 de febrero de 1917, siendo su juramento del día 26 de marzo de 1917 y la contestación es de 17 de abril de 1917. De la prueba presentada en el juicio resulta que el apelado es un cargador que no trabaja en tierra sino en la marina, que el día 30 de diciembre de 1916 en que sufrió el accidente por el cual reclama, se ocupaba en cargar sacos de azúcar en los ancones que habían de transportarlos al costado de un vapor surto en el puerto de Guayanilla, para allí ayudar a que el barco los subiera a bordo y que al llegar al costado del vapor el ancón en que iba el apelado, remolcado por una lancha de gasolina, chocó aquel con otro lanchón que allí estaba y que sufrió lesiones en los dedos de una mano contra la borda del otro lanchón.

Aunque tal como está redactada la demanda no resulta muy claro que el demandante interpuso su reclamación de acuerdo con la Ley No. 19 de 13 de abril de 1916 proveyendo indemnizaciones a los obreros que resultaren lesionados, o a las familias que dependan de aquellos que perdieren sus vidas mientras estuvieren dedicados a oficios u ocupaciones, y para otros fines, sinembargo, tal duda desaparece teniendo en cuenta que no solamente el demandado entendió, según su contestación, que el demandante se basaba en tal ley sino porque fundándose en ella el demandante pidió a la corte que eliminara ciertas defensas alegadas por el demandado en su contestación y la corte las decretó de acuerdo con esa ley, y porque en este recurso de apelación el demandante insiste en que tal ley es aplicable al presente caso.

De acuerdo con el caso primeramente citado de *Atlantic*

*Transport Company* v. *Imbrovek, supra,* el trabajo del apelado Rodríguez es marítimo por su naturaleza, aunque trabajara sólo a bordo de un ancón transportando azúcares en aguas navegables para cargar un vapor, y el accidente no le ocurriera a bordo de éste. Los otros dos casos son buenos para declarar que una ley local regulando la acción de daños e indemnizaciones a obreros no es una de las excepciones en que las cortes locales tienen jurisdicción concurrente, por lo que nos vemos precisados a hacer aplicación al presente caso de la doctrina consignada por el Tribunal Supremo de los Estados Unidos en los casos citados al principio y en su consecuencia a declarar que la corte inferior no tenía jurisdicción para conocer de la materia de este litigio por lo que la sentencia apelada debe ser revocada y declarada sin lugar la demanda sin costas.

> *Revocada la sentencia apelada y declarada
> sin lugar la demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado del Toro.

Los Jueces Asociados Sres. Wolf y Hutchison no tomaron parte en la resolución de este caso.