EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO ALONSO, acusado y apelante.

No. 2695.—*Visto:* Abril 29, 1926. *Resuelto:* Mayo 19, 1926.

1. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—CUESTIONES RELATIVAS A LAS PRUEBAS—APRECIACIÓN DE LAS PRUEBAS—CREDIBILIDAD DE LOS TESTIGOS.—El hecho de que, siendo la prueba contradictoria, se dé más

crédito a una persona con quien el apelante había tenido un disgusto personal y a un subalterno de aquélla, no demuestra que la corte inferior al hacerlo, obrara con pasión, prejuicio o parcialidad.

2. ARMAS—PORTAR ARMAS PROHIBIDAS—PROCESO Y CASTIGO—EVIDENCIA—CAPACIDAD DEL ARMA O INSTRUMENTO PARA PRODUCIR DAÑO CORPORAL.—En causas por portar o conducir un arma, no es necesario probar que ésta es capaz de producir daño corporal; las armas por su naturaleza pueden producirlo por sí mismas.

3. ARMAS—PORTAR ARMAS PROHIBIDAS—PROCESO Y CASTIGO—EVIDENCIA—CAPACIDAD DEL ARMA O INSTRUMENTO PARA PRODUCIR DAÑO CORPORAL.—En causas por portar armas prohibidas sólo hay que alegar y probar que se puede producir daño corporal cuando se trata de instrumentos similares a las armas mencionadas en la Ley de 1905 (Comp. 5994) que puedan producir tal daño.

SENTENCIA de *E. Lloreda, J.* (Arecibo), condenando al acusado por delito de *portar armas. Confirmada.*

*Herminio Miranda* y *Rafael Cuevas Zequeira,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo.*

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante fué acusado y condenado por delito de portar sobre su persona un revólver y en su alegato escrito expone como único fundamento de su recurso que la corte inferior apreció la prueba con pasión, prejuicio y parcialidad porque siendo contradictoria dió más crédito a los testigos del fiscal, que lo fueron una persona con quien el apelante había tenido un disgusto personal y otra que era subalterna de dicho testigo.

Todos los testigos estuvieron contestes en que el acusado estuvo en la colecturía de Utuado el día a que se refiere la acusación, habiendo manifestado aquél que fué a pedir una satisfacción al colector por una firma que había tomado a su esposa, lo que consideró como una ofensa, pero discreparon los testigos sobre si en aquel momento sacó de uno de sus bolsillos un revólver que portaba y con él apuntó al colector. La corte inferior resolvió ese conflicto estimando que el acusado portaba un revólver, y el mero hecho de que tuviera ese disgusto con el acusado y de que el otro testigo del fiscal fuera un empleado de la colecturía no demuestra que al darles crédito la corte obrara con pa-

sión, prejuicio o parcialidad; ni tampoco el hecho de que tratando la defensa de que un testigo suyo dijera lo que había sucedido dos días antes en la casa del acusado dijera la corte al fiscal: ''¿Qué tenemos que ver con eso? El fiscal ha debido oponerse,'' y otras frases por el estilo.

Como el revólver no fué ocupado, porque se lo llevó el acusado, dice la defensa en un alegato adicional que desde que entró en vigor la ley de 1924 sobre portar armas sólo pueden considerarse prohibidas aquellas armas a que hizo referencia la ley de 1905 (Comp. 5994) cuando las mismas son portadas en circunstancias que las hacen capaces de producir daño corporal, y que tratándose de un revólver es necesario que se alegue y pruebe que estaba cargado porque de otra suerte no es capaz de producir daño corporal.

Al resolver nosotros el caso de *El Pueblo* v. *Cruz Rosado,* 34 D.P.R. 315, dijimos que aun cuando la Ley No. 14 de 25 de junio de 1924 no especificaba las armas que prohibía portar y usó la palabra general ''armas,'' debía entenderse que esas armas eran las mencionadas en la ley de 1905 sobre la materia, entre las cuales está comprendido el revólver, y por tanto la persona que porta o conduce un revólver infringe la Ley de 1924 citada, sin que sea necesario probar que el revólver que se porta o conduce es capaz de producir daño corporal porque este requisito es exigido por la ley para los instrumentos que pueden producir daño mas no para las armas que por su naturaleza pueden producirlos por sí mismas por ser construídas para fines de ofensa y defensa. El artículo primero de la Ley de 1924 según el cual toda persona que ilegalmente portare o conduzca cualquier arma o instrumento con el cual pueda causarse daño corporal incurrirá en pena ha de interpretarse en el sentido de que se castigará al que porte o conduzca cualquier arma o al que porte o conduzca cualquier instrumento con el cual se pueda causar daño corporal, ya que como hemos dicho las armas por su propia naturaleza y los fines a que se destinan son para producir daño corporal, por

lo que sólo hay que alegar y probar que se puede producir
daño corporal cuando se trata de instrumentos similares a
las armas mencionadas en la Ley de 1905 que puedan pro-
ducir tal daño.   Y como dice el caso de *Williams* v. *State,*
(61 Ga. 417) 34 Am. Rep. 102, una pistola no deja de serlo
porque temporalmente sea deficiente y porque esté cargada
o nó, porque mientras tenga las características generales de
una pistola y su apariencia de tal, es una pistola.

*La sentencia apelada debe ser confirmada.*