EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RUFO ESTEVES, acusado y apelante.

No. 2832.—*Visto:* Noviembre 17, 1926. *Resuelto:* Marzo 15, 1927.

1. DERECHO PENAL—JURISDICCIÓN—JURISDICCIÓN DEL DELITO QUE SE PERSIGUE—SEGÚN EL SITIO EN QUE AQUÉL SE COMETE—AGUAS NAVEGABLES ALREDEDOR DE LA ISLA.—Las cortes de distrito insulares tienen jurisdicción para conocer de un proceso por armas portadas u ocupadas en una yola en la playa, como a diez metros de tierra, dentro de sus respectivos distritos judiciales.

2. ARMAS—PORTAR ARMAS PROHIBIDAS—ESCOPETA.—Una escopeta es un arma prohibida, aún cuando la misma esté descargada.

3. ARMAS—PORTAR ARMAS PROHIBIDAS—DEL DELITO EN GENERAL.—No es necesario que la prueba demuestre que el acusado llevaba sobre su persona un arma prohibida para que el delito se entienda realizado; basta que la conduzca.

SENTENCIA de *Rafael López Antongiorgi,* J. (Guayama), condenando al acusado por delito de Portar Armas Prohibidas. *Confirmada.*

*L. Tormes* y *Herminia Tormes,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se imputó al acusado la comisión de un delito de portar armas. Fué la causa a juicio y la prueba demostró que el acusado allá por el dos de julio de 1925 bogaba en una yola muy cerca de la playa de Santa Isabel y como unos policías que se dedicaban a perseguir la fabricación de ron que parece que ilegalmente se llevaba a efecto en unas islitas que existen por allí, vieran en la yola varios barriles, se acercaron a ella cuando se encontraba a unas diez varas de tierra, la registraron y encontraron una escopeta descargada. Según uno de los testigos del Pueblo el acusado aceptó que

la escopeta era suya. Según otro dijo que se la había encontrado en una islita que cuidaba y la había tomado. El propio acusado declaró que estaba encargado de cuidar una islita donde había más de sesenta cabros, que la escopeta era del dueño de los cabros que se la había dado para que asustara a la gente y así impidiera que le robaran los cabros.

La corte declaró culpable al acusado y lo condenó a un mes de cárcel. No conforme apeló, señalando en su alegato tres errores cometidos, a su juicio, por la corte al actuar sin jurisdicción en el proceso, al considerar una escopeta sin cartuchos como arma prohibida y al apreciar en general las pruebas.

[1] Se sostiene que la Corte de Distrito de Guayama no tenía jurisdicción porque el sitio donde se ocupó la escopeta era federal y no insular, citando los casos de *Rodríguez* v. *Mercado e Hijos,* 28 D.P.R. 439 y *El Pueblo* v. *Dimas* 18 D.P.R. 1061.

El acusado se encontraba en su yola en la playa del puerto de Santa Isabel que es uno de los pueblos del distrito judicial de Guayama, como a diez metros de tierra, dentro, por tanto, del territorio insular de acuerdo con el artículo 8 del Acta Orgánica que dice:

"La superficie de los puertos y los cursos y extensiones de aguas navegables y los terrenos sumergidos bajo ellos dentro y alrededor de la isla de Puerto Rico y de las islas y aguas adyacentes, que ahora pertenecen a los Estados Unidos y no han sido reservados por los Estados Unidos para fines públicos, quedan por la presente colocados bajo el dominio del Gobierno de Puerto Rico, para que sean administrados de la misma manera y con sujeción a las mismas limitaciones que las propiedades enumeradas en el artículo precedente". . . . .

En el primero de los casos citados por el apelante esta corte decidió que las cortes de distrito de Puerto Rico carecían de jurisdicción "para conocer de un pleito en que el demandante reclama indemnización de acuerdo con una ley local regulando la acción de daños e indemnizaciones a obre-

ros, por lesiones sufridas en 1916 a bordo de un lanchón que transportaba azúcares hasta el costado de un vapor surto en un puerto de la isla." El trabajo del demandante se estimó marítimo en su naturaleza y por tanto dentro de la jurisdicción de la Corte Federal, citando el caso de *Atlantic Transport Company* v. *Imbrovek* 234 U. S. 52. Y en el segundo se resolvió que siendo los manglares montes públicos inundados, correspondía su dominio al Estado durante la soberanía española en la Isla, habiendo pasado dicho dominio a los Estados Unidos de América a virtud del Tratado de París. Basta lo expuesto para concluir que dichos casos no resuelven el del apelante. Surgen de situaciones jurídicas distintas.

No se trata aquí de un delito del cual tenga jurisdicción la Corte Federal a virtud de una ley del Congreso, sino de la infracción de una ley local cometida dentro de territorio puesto por el propio Congreso bajo la jurisdicción de la Isla, de suerte que, aún con todas las limitaciones establecidas por la Corte Suprema de los Estados Unidos en relación con Hawaii en el caso de *Wynne* v. *United States* 217 U. S. 234, la jurisdicción de la corte de distrito insular es clara.

[2] Que una escopeta es un arma prohibida a menos que se use en la forma permitida por la ley, debiendo la excepción probarse por el acusado, fué resuelto en el caso de *El Pueblo* v. *Rodríguez,* 35 D.P.R. 276, y que no es necesario que el arma esté cargada para que el delito se entienda cometido se decidió en *El Pueblo* v. *Alonso,* 35 D.P.R. 475, citando el caso de *Williams* v. *State* (61 Ga. 417) 34 Am. Rep. 102.

[3] No es necesario que la prueba demuestre que el acusado llevaba sobre su persona el arma prohibida para que el delito se entienda realizado. La ley castiga a "toda persona que *portare* o *condujere* . . . ." y no hay duda alguna que el acusado conducía la escopeta en su yola.

*Debe confirmarse la sentencia apelada.*