El Pueblo de Puerto Rico, demandante y apelado, *v.* Feliciano Soto Coyet, acusado y apelante.

No. 2497.—*Visto:* Mayo 7, 1925. *Resuelto:* Mayo 26, 1925.

Armas—Portar Armas Prohibidas—Cortaplumas Plegadizos de Bolsillo—Prueba Insuficiente para Sostener Convicción.—El acusado, un vendedor de cocos, fué condenado por portar un cortaplumas plegadizo de bolsillo. Examinada la prueba. *se resolvió:* que no obstante ser contradictoria en cuanto al uso que se daba al arma, la del acusado era tan lógica y convincente de que se usaba en su negocio, que no podía ser ignorada por el juzgador, y al ignorarla cometió error manifiesto que lleva consigo la revocación de la sentencia.

Sentencia de *Enrique Lloreda,* J. (Arecibo), condenando al acusado por delito de portar armas prohibidas. *Revocada y absuelto el acusado.*

*Antonio Reyes Delgado,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se imputó al acusado la comisión de un delito de portar

armas prohibidas consistente en llevar sobre su persona el 8 de diciembre de 1924 una cuchilla plegadiza de 3¾ pulgadas de largo por tres cuartos de pulgada de ancho. La acusación dice además: "Que al conducir dicha arma el acusado, no era con motivo y en ocasión de utilizar la misma en el ejercicio de su profesión, oficio, ocupación o deporte."

Celebrado el juicio, la corte condenó al acusado a sufrir treinta días de cárcel. No conforme el condenado apeló para ante esta Corte Suprema, sosteniendo en su alegato que la corte de distrito erró al apreciar las pruebas.

Sólo declaró por parte del Pueblo el policía Andrés Hernández. Dijo que estando de servicio vió al acusado parado con un arma en el bolsillo; se la pidió y le fué entregada. El acusado salía de la Plaza del Mercado de Arecibo y se paró al lado de un carro de cocos que tenía para vender. En el carro había un machete. "Que para vender los cocos usaba el machete, y la cuchilla la tenía encima. Que mientras vendía los cocos lo vió que los cortaba con el machete, y la cuchilla no la usaba."

Por parte de la defensa declararon Aurelio Cortés, Clemente Zeno y el propio acusado.

El primero, industrial y comerciante, expresó que conocía al acusado como vendedor de cocos y frutas. "Que en el desempeño de su misión ha visto que el acusado con una daga monda los cocos, y con una cuchilla, que por lo regular lleva en el bolsillo, le hace la boca al coco."

El segundo, de oficio bracero, dijo que conocía al acusado y que el 8 de diciembre—día en que se le imputa la comisión del delito—, estuvo con él "tumbando cocos en casa de don Manuel Viñas; que una vez que se sube a la palma se necesita un hierro para cortar el racimo, amarrarlo luego y soltarlo al suelo." Que el acusado "para cortar el racimo de la palma usó una cuchilla de cabo de palo."

El acusado manifestó que estuvo el 8 de diciembre tumbando cocos en casa de Viñas. "Que para echarlos abajo se sube con una soga y una cuchilla, se sube arriba y ama-

rra el racimo y después se asegura bien, y con la cuchilla cortaba y después los arriaba para abajo. Que tumba cocos hace tiempo y ese día tumbó muchos cocos. Que después siguió para el pueblo. Que después que llegaba aquí, como el coco lo llevaba con la corteza gorda, y le piden un coco, y el mocho que tiene está siempre sucio, lleno de manchas, llegaba, y después que cortaba el coco con él, lo más duro, con la cuchilla lo abría: que para eso usaba una cuchilla con el cabo de palo, plegadiza, y que es esa que le presentan. Que ese día 8 de diciembre, después de venir al pueblo le pasó, que estaba vendiendo cocos de agua y el guardia le notó la cuchilla en el bolsillo. Que la tenía en el bolsillo, porque fué a vender un recado a la plaza y dejó la carretilla afuera de la parte de la plaza, y por no dejar la cuchilla allí se la echó en el bolsillo, en lo que venía, y entonces prontamente marchó otra vez para la carretilla, y en la carretilla le entregó la cuchilla al guardia. Que nunca ha sido condenado por portar armas prohibidas, que es la primera vez que se encuentra en esto, en esta vez.''

Tal fué, en resumen, la prueba practicada. A nuestro juicio no es suficiente para castigar al acusado. La contradicción que se advierte entre la declaración del policía al afirmar que el acusado no usaba de la cuchilla para la venta de los cocos y lo dicho por el testigo Cortés y el propio acusado, coloca el caso dentro de la regla de la evidencia contradictoria apreciada por el juez sentenciador, ya que se trata de un hecho esencial. Aún así, creemos que procede la revocación de la sentencia apelada. Las declaraciones del testigo Zeno y del acusado con respecto a la tumba de cocos y la explicación que se da de cómo se usa en ella la cuchilla, son tan lógicas y convincentes, que no pueden ser ignoradas por el juzgador. Lo mismo sucede con el método seguido para la venta del coco servido de manera que pueda tomarse en seguida. Y si se considera que el Policía admite que el acusado salía de la Plaza del Mercado y se paró en la calle al lado de su carro de cocos y al verle la cuchilla se

la pidió, pudiendo desprenderse que todo ocurrió simultáneamente, es necesario concluir que existe el error manifiesto que la jurisprudencia exige, y que debe, por tanto, *revocarse la sentencia recurrida y absolverse al acusado.*