El Pueblo de Puerto Rico, demandante y apelado, *v.* Andrés Cruz Rosado, acusado y apelante.

No. 2522.—*Visto:* Mayo 26, 1925. *Resuelto:* Junio 3, 1925.

1. ARMAS—ARMAS PROHIBIDAS.—El artículo 1 de la Ley de 1924, página 117, en cuanto a las armas por él prohibidas, se refiere a aquellos instrumentos destinados a ofensa o a defensa, como son los que se enumeran en la Ley de 1905 y cualquier otro de igual naturaleza.

2. ARMAS—ARMAS PROHIBIDAS—INSTRUMENTOS.—Los instrumentos prohibidos por la Ley de 1924 son aquellos similares a las armas, y no los que no están destinados a fines de ofensa y defensa, aunque con ellos se pueda causar daño corporal.

3. ARMAS—ARMAS PROHIBIDAS—VERGAJO DE TORO.—Un vergajo de toro no es un arma prohibida por la ley.

SENTENCIA de *Angel Acosta,* J. (Mayagüez), condenando al acusado por delito de portar armas. *Revocada y absuelto el acusado.*

*Benet & Souffront,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Andrés Cruz Rosado fué acusado por el delito de portar armas prohibidas porque según la acusación el 24 de septiembre de 1924 portaba sobre su persona un vergajo de toro, arma o instrumento con el cual puede causarse daño corporal. Fué condenado por ese delito y estableció esta apelación en la que alegó varios motivos de error, pero nos será suficiente considerar la siguiente cuestión.

[1] El artículo primero de la ley de 9 de marzo de 1905 (Comp. 5994), no modificado por la ley enmendatoria de

1908, especificaba las armas cuyo uso se prohibía, siendo ellas revólver, puñal, daga, honda, espada, bastón de estoque, garrote, arpón o manopla, hecho de cualquier metal o cualquier substancia dura, o faca u otro cuchillo manufacturado o vendido para fines de ofensa y defensa, o machete; a menos que se portaran por determinadas personas o en ciertas ocasiones.

Ese artículo fué enmendado por la Ley No. 14 de 25 de junio de 1924 (p. 115) que en vez de determinar las armas cuyo uso se prohibía dijo que toda persona que ilegalmente portara o condujere cualquier arma o instrumento con el cual pueda causarse daño corporal incurrirá en pena de prisión de uno a seis meses.

Arma, según su significado corriente y la definición que de esa palabra da el diccionario de la Academia Española, es un instrumento destinado a ofender o defenderse: o en otras palabras, el instrumento destinado a fines de ofensa o defensa. Por consiguiente, al castigar el artículo primero de la ley de 1924 (p. 117) a cualquier persona que ilegalmente portare o condujere cualquier arma no puede referirse sino a los instrumentos destinados a ofensa o a defensa, como son los que se enumeraban en la ley de 1905 (Comp. 5994), y aunque es cierto que prescindió en 1924 de la enumeración de las armas prohibidas y usó una palabra general, sin embargo, el significado de esa palabra no comprende otras armas que los instrumentos destinados a fines de ofensa y defensa, como son los mencionados en la ley de 1905 y cualquier otro de igual naturaleza.

[2] Es cierto que la ley actualmente en vigor no sólo prohibe el uso de armas sino de instrumentos con los cuales pueda causarse daño corporal, pero como con las armas destinadas a fines de ofensa o defensa puede causarse daño corporal, aplicando la regla *noscitur a sociis* llegamos a la conclusión de que los instrumentos que pueden causar daño corporal que se prohiben son aquellos similares a las armas y no los que no están destinados a fines de ofensa o defensa,

aunque con ellos se pueda causar daño corporal. Esta nos parece que fué la intención del legislador, pues de otro modo habría que llegar a la conclusión de que muchísimos objetos o instrumentos que no están destinados a fines de ofensa o defensa, como alfileres de corbata, alfileres o pasadores para sombreros de señoras, pisapapeles, foetes, y muchos más, tendrían que ser considerados como armas prohibidas porque con ellos se puede producir daño corporal y con algunos hasta la muerte.

[3] En vista de la conclusión a que llegamos y toda vez que un vergajo de toro no es un arma, ni un instrumento similar a un arma, porque no está destinado a fines de ofensa o defensa, pues es un foete ordinario destinado generalmente al castigo de animales, el apelante no ha cometido la infracción por la cual se le condenó y *la sentencia apelada debe ser revocada y absuelto el acusado.*