EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL WESTERN, acusado y apelante.

No. 2531.—*Visto:* Junio 24, 1925. *Resuelto:* Julio 8, 1925.

1. ARMAS — ARMAS PROHIBIDAS— PROCESO Y CASTIGO— PRESENTACIÓN DEL ARMA COMO PRUEBA.—La presentación del arma como prueba no es requisito previo e indispensable a una condena por delito de portar armas prohibidas.

2. ARMAS—ARMAS PROHIBIDAS—PROCESO Y CASTIGO—APELACIÓN Y ERROR.—Examinada la prueba en el caso de autos, *se resolvió:* que dada la conclusión

a que llegó la corte inferior al resolver el conflicto existente, no podía sostenerse que se incurrió en error al apreciarla ni que la sentencia fuera contraria a dicha prueba.

SENTENCIA de *Pablo Berga, J.* (Humacao), condenando al acusado por delito de portar armas prohibidas. *Confirmada.*

*Adolfo García Veve,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Después de terminar la presentación de su prueba el fiscal y haber el acusado presentado una moción de absolución perentoria, se permitió al primero presentar como prueba una cuchilla que había sido identificada durante los comienzos del juicio como el arma que portaba el acusado.

El policía que identificó el arma, antes de hacerlo, la había descrito con tal riqueza de detalles que no dejó nada para alguna razonable duda con respecto a su naturaleza como arma mortífera. Su declaración sobre este punto no ha sido contradicha ni siquiera por el acusado y los otros testigos que declararon después de dictarse la resolución que ahora se asigna como error.

Dentro de las circunstancias, no podemos convenir con el criterio del abogado del apelante de que la presentación de una cuchilla como prueba era un requisito previo indispensable a una condena por el delito de portar un arma prohibida el cual fué imputado al acusado. Pero aún de otro modo, el alegato del apelante no establece la proposición, de ser sostenible, de que el acusado en realidad fué privado de algún derecho sustancial, o de que el juez sentenciador era culpable de un serio abuso de su sana discreción judicial, que el apelante admite debe ser ejercitada en tales circunstancias.

La contención de que la corte inferior incurrió en error en la apreciación de la prueba es algo más seria.

La prueba testifical de la defensa tendió a demostrar que

el acusado es propietario de una agencia de bicicletas y pintor de camas y bicicletas; que la cuchilla en cuestión la usaba él en su negocio como instrumento o implemento con el fin de raspar la capa de pintura original, requisito preliminar para pintar las camas y bicicletas; que poco antes de habérsele ocupado la cuchilla había estado ocupado raspando una bicicleta; que ciertos amigos lo habían llamado en consulta como contratista más antiguo y de más experiencia en relación con la futura administración de un contrato que precisamente acababan de obtener dichos amigos; que mientras discutía este asunto con ellos y les aconsejaba en tal sentido un policía que pasaba le exigió la entrega de la cuchilla; y que esta incautación se hizo a pocos metros de distancia de la puerta del sitio de negocio del acusado.

Si esto fuera todo y el juez sentenciador no hubiera expresado una opinión directamente sobre este aspecto del caso, podríamos inclinarnos a revocar la sentencia apelada. *El Pueblo* v. *Feliciano Soto Coyet,* (34 D.P.R. 286).

Pero el acusado en su declaración y otros testigos tal vez con el deseo de favorecerle, fueron un poco más lejos diciendo que el policía había pasado algunos momentos antes del suceso y lo había visto, o pudo haber visto al acusado en su trabajo. Entonces el policía fué llamado nuevamente a declarar y las manifestaciones que acaban de hacerse fueron contradichas enfáticamente.

El juez sentenciador al declarar culpable al acusado hizo referencia a este conflicto en la prueba, manifestando que creía la versión del incidente hecho por el policía y no creyó que la cuchilla la llevaba o usaba el acusado como una herramienta de su trabajo.

Ante este conflicto en la prueba, y en vista de la terminante conclusión de la corte inferior no estamos en condiciones de decir que la sentencia es contraria a la prueba, o que la corte inferior incurrió en error en su apreciación.

*Debe confirmarse la sentencia apelada.*