El Pueblo de Puerto Rico, demandante y apelado, *v.* Manuel Rodríguez, acusado y apelante.

No. 2569.—*Visto:* Julio 13, 1925. *Resuelto:* Marzo 31, 1926.

1. Derecho Penal—Apelación y Error, y Certiorari—Resolución y Disposición del Caso—Revocación de la Sentencia Apelada—Causas que no dan Lugar a la Revocación.—Cuando la sentencia apelada no expresa el delito por el cual se castiga al acusado pero tal delito consta de los autos de apelación, el error cometido no lleva consigo la revocación de la sentencia.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—DISPOSICIÓN Y RESOLU-
CIÓN DEL CASO—MODIFICACIÓN DE LA SENTENCIA APELADA—OMISIÓN DE ES-
PECIFICAR EL DELITO EN LA SENTENCIA.—Cuando la sentencia no especifica
el delito por el cual se castiga al acusado, pero de los autos consta el de-
lito por el cual se le acusó, dicha sentencia puede modificarse en apelación
en el sentido de que el acusado fué condenado por dicho delito, y así modi-
ficada, confirmarse.

3. ARMAS — ESTATUTO PROHIBIENDO PORTAR ARMAS — CONSTITUCIONALIDAD DEL
MISMO.—La Ley No. 14 de junio 25 de 1924 (p. 115) no es anticonstitu-
cional.

4. ARMAS—PORTAR ARMAS PROHIBIDAS—ESCOPETA.—Una escopeta es un arma de
ofensa y defensa de igual naturaleza que el revólver que era una de las
nombradas en la ley de 1905 (Comp. 5994) y por tanto debe considerarse
como arma prohibida por la vigente ley.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), condenando al acusado
por delito de portar armas. *Modificada y confirmada.*

*Leopoldo Tormes,* abogado del apelante; *José E. Figueras,* abogado
de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

La acusación formulada por el Fiscal del Distrito de
Ponce imputa a Manuel Rodríguez, el apelante una infrac-
ción a la Ley No. 14 aprobada el 25 de junio de 1924 para
enmendar la ley titulada "Ley prohibiendo portar armas",
aprobada en 9 de marzo de 1905 y enmendada en 12 de
marzo de 1908, consistente en que allá por el 25 de enero
de 1925 y en el barrio Ensenada de Guánica, el dicho Ro-
dríguez "ilegalmente portaba o conducía una escopeta de
un solo cañón, de calibre 16, cargada con un cartucho y la
cual escopeta es un arma o instrumento con el cual puede
causarse daño corporal."

Llamado el caso para la celebración de la vista, decla-
raron por parte del Fiscal los testigos Nicolás Beltrán y
Ramón Portell, ambos policías insulares, asegurando que el
25 de enero de 1925 habían visto al acusado en un camino
público portando la escopeta en cuestión que le fué ocu-
pada. La escopeta se introdujo como prueba. Por parte
de la defensa declararon Juan R. Irizarry, testigo que citó
el fiscal, en el sentido de haber pasado el 25 de enero de

1925 por frente de la casa del acusado con quien había tenido antes un disgusto y de quien le habían dicho que lo iba a matar, y al verlo en la puerta de su casa con una escopeta, corrió y dió cuenta a la policía, y Antonio R. Rodríguez y Salvador Fábregas quienes manifestaron que los policías llegaron a la tienda del acusado a virtud de la queja y dentro de la tienda fué que ocuparon la escopeta.

La corte declaró culpable al acusado imponiéndole treinta días de cárcel. No conforme el acusado apeló señalando en su alegato la comisión de los siguientes errores:

"1. La sentencia en este caso es nula por no ajustarse a las disposiciones del artículo 326 del Código de Enjuiciamiento Criminal de Puerto Rico, no expresa la sentencia del delito que declaró culpable al acusado.

"2. La sentencia en este caso es nula porque la Ley número 14 de junio de 1924 es anticonstitucional, y no está definida como arma prohibida en Puerto Rico una escopeta.

"3. La corte inferior cometió error en la apreciación de las pruebas.

"4. La sentencia en este caso es contraria a derecho y a las pruebas."

[1, 2] Realmente la sentencia no expresa el delito por el cual se castiga al acusado, pero como tal delito consta claramente de los autos, el error cometido no lleva consigo la revocación de la sentencia. Esta puede ser y será enmendada.

En el caso de *El Pueblo* v. *Alvarez*, 21 D.P.R. 86, 90, seguido recientemente en varias ocasiones, esta corte, por medio del Juez Asociado Sr. Hutchison, se expresó así:

"Por tanto, si el único error que constara en los autos fuera el de la omisión en que incurrió la corte inferior al no determinar en su sentencia el verdadero delito por el cual fué declarado culpable el acusado, tendríamos claramente el deber, y en ello no vacilaríamos, de modificar la referida sentencia en lo que fuera necesario con el fin de subsanar dicho defecto y luego confirmarla en la forma modificada."

[3, 4] El segundo error envuelve dos cuestiones, a saber: la anticonstitucionalidad de la ley y la de no ser una escopeta un arma prohibida.

La primera ha sido ya resuelta en sentido contrario al apelante. *El Pueblo* v. *Cruz Rosado,* 34 D.P.R. 315, y *El Pueblo* v. *Acevedo,* 34 D.P.R. 460.

Estudiemos la segunda. En el citado caso de *El Pueblo* v. *Cruz Rosado,* esta corte, por medio del Juez Asociado Sr. De Aldrey, dijo:

"(1) El artículo primero de la ley de 9 de marzo de 1905 (Comp. 5994), no modificado por la ley enmendatoria de 1908, especificaba las armas cuyo uso se prohibía, siendo ellas revólver, puñal, daga, honda, espada, bastón de estoque, garrote, arpón o manopla, hecho de cualquier metal o cualquier substancia dura, o faca u otro cuchillo manufacturado o vendido para fines de ofensa y defensa, o machete; a menos que se portaran por determinadas personas o en ciertas ocasiones.

"Ese artículo fué enmendado por la Ley No. 14 de 25 de junio de 1924 (p. 115) que en vez de determinar las armas cuyo uso se prohibía dijo que toda persona que ilegalmente portara o condujere cualquier arma o instrumento con el cual pueda causarse daño corporal incurrirá en pena de prisión de uno a seis meses.

"Arma, según su significado corriente y la definición que de esa palabra da el diccionario de la Academia Española, es un instrumento destinado a ofender o defenderse; o en otras palabras, el instrumento destinado a fines de ofensa o defensa. Por consiguiente, al castigar el artículo primero de la ley de 1924 (p. 117) a cualquier persona que ilegalmente portare o condujere cualquier arma no puede referirse sino a los instrumentos destinados a ofensa o a defensa, como son los que se enumeraban en la Ley de 1905 (Comp. 5994), y aunque es cierto que prescindió en 1924 de la enumeración de las armas prohibidas y usó una palabra general, sin embargo, el significado de esa palabra no comprende otras armas que los instrumentos destinados a fines de ofensa y defensa, como son los mencionados en la Ley de 1905 y cualquier otro de igual naturaleza." 34 D.P.R. 315, 316.

La escopeta no estaba comprendida entre las armas prohibidas expresadas en la Ley de 1905. Siguiendo la regla establecida en el caso de Cruz Rosado, *supra,* ¿puede con-

siderarse como arma de ofensa y defensa, de igual naturaleza que las nombradas por·el legislador en 1905?

Escopeta, según los diccionarios, es un arma de fuego, con uno o dos cañones, de siete a ocho decímetros de largo y dos centímetros próximamente de grueso, montados en una caja de madera, donde van las llaves para disparar.

Siendo esto así no hay duda alguna que es un arma de igual naturaleza que el revólver expresamente prohibido en la ley de 1905. Y que es un arma de ofensa y defensa es tan evidente que apenas puede discutirse. Existen diferentes clases, siendo una de ellas el arma común de los ejércitos. Es cierto que escopetas de aire, que no son armas de ofensa y defensa, se usan en deportes y para jugar los niños, y que escopetas de fuego que sí lo son se usan por ejemplo para cazar. Pero el uso es una defensa que puede alegarse por el acusado. Si un acusado al ser encontrado en el camino con su escopeta demuestra que iba a cazar y que tenía licencia para ello, ningún delito habría cometido, pues estaría comprendido dentro de una de las excepciones de la ley.

La prueba fué contradictoria. Dos testigos, los policías, declaran que el arma fué ocupada al acusado cuando la portaba en un camino público. Dos testigos, Rodríguez y Fábregas, aseguran que el arma fué ocupada en la casa o tienda del acusado donde de acuerdo con la ley la tenía con derecho. Si los policías· dijeron la verdad, el acusado es culpable. Si la verdad fué dicha por Rodríguez y Fábregas, el acusado es inocente. La declaración del testigo Irizarry puede favorecer una u otra versión. Si el acusado estaba en la puerta de la casa con la escopeta, pudo hacer dos cosas, salir al camino con su arma siguiendo a Irizarry o entrar a su casa y guardar el arma al ver que Irizarry se había ido.

Bajo tales circunstancias habiendo decidido el juez sentenciador el conflicto en contra de los testigos del acusado, no estamos en condiciones de concluir que erró.

Por virtud de todo lo expuesto, *debe confirmarse la sentencia recurrida,* modificándola en el sentido de que el delito por el cual se castiga al acusado es el de una infracción a la ley de portar armas prohibidas tal como quedó enmendada en 1924.