EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
FRANCISCO RIVERA, acusado y apelante.

No. 2687.—*Visto:* Marzo 10, 1926.  *Resuelto:* Junio 3, 1926.

1. "INDICTMENT" Y ACUSACIÓN—REQUISITOS Y SUFICIENCIA DE LA ACUSACIÓN—
   DE LOS DELITOS ESTATUTORIOS—EXCEPCIONES Y PROVISO—NEGACIÓN DE EX-
   CEPCIONES O DEFENSAS.—La excepción contenida en el inciso 1 del artículo
   5 de la Ley No. 14 de 1924 no es necesario negarla por virtud de una ale-
   gación expresa en la acusación.
2. ARMAS—PORTAR ARMAS PROHIBIDAS—PROCESO Y CASTIGO—DEFENSAS.—La ex-
   cepción contenida en el inciso 1 del artículo 5 de la Ley No. 14 de 1924 es
   materia de defensa y como tal debe alegarse.
3. DERECHO PENAL—EVIDENCIA—SU PESO Y SUFICIENCIA—PRUEBA DEL SITIO EN
   QUE SE COMETIÓ EL DELITO.—La evidencia en este caso *se resolvió* demostró
   el sitio en que se cometió el delito dentro de la jurisdicción del tribunal
   sentenciador.
4. ARMAS—PORTAR ARMAS PROHIBIDAS—DEL DELITO EN GENERAL.—No es la ocu-
   pación, sino la portación del arma, lo que determina la comisión del delito.

SENTENCIA de *Enrique Lloreda*, J. (Arecibo), condenando al acusado
por delito de portar armas prohibidas.  *Confirmada.*

*E. Martínez Avilés,* abogado del apelante; *José E. Figueras,* abo-
gado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

La acusación formulada por el Fiscal de la Corte de Dis-
trito de Arecibo, en lo pertinente, dice:

"El referido Francisco Rivera, allá por el día 5 de julio de 1925
y en el barrio Abra-Honda, de Camuy, P. R., que forma parte del
Distrito Judicial de Arecibo, P. R. ilegal y voluntariamente portaba
y conducía un machete, siendo dicho machete, un arma, con la cual
puede causarse daño corporal."

En el acto del juicio declararon Andrés H. Román, Bo-
nifacio Ramos y Luis La Roy.

El primero, policía, dijo que supo de una riña que el
acusado había tenido con Bonifacio Ramos y fué a su casa
y ocupó el machete que le entregó la esposa del acusado.
Además, que el acusado le manifestó luego que venía de su
trabajo y tuvo una cuestión con Ramos y que el acusado
reconoció el arma.

El segundo, Ramos, manifestó que vive en Barahona, de

Camuy; que el 5 de junio llegó a su casa el acusado por la noche y se pusieron a arreglar un trabajo y tuvieron un disgusto. El acusado llegó con un machete, una daga.

Y, por último, La Roy expresó que el 5 de junio estuvo en casa de Ramos; que encontró allí al acusado; que Ramos y el acusado tuvieron un disgusto y se tiraron abajo, hiriendo el acusado a Ramos con un machete que tenía, una daga como de dos pies de largo, colorada, que reconoce como la ocupada.

Terminada la prueba del fiscal, la defensa presentó una moción de *nonsuit* por entender que El Pueblo no había probado su caso toda vez que el arma no le había sido ocupada al acusado y sí a su esposa en su propia casa. Fué declarada sin lugar por la corte que dictó sentencia condenando al acusado a treinta y cinco días de cárcel.

[1, 2] No conforme el acusado apeló. Sostiene que la acusación es insuficiente porque siendo un machete un útil o instrumento de labranza, no alega que no se portaba con motivo del oficio o empleo de Rivera en los momentos en que fué ocupado. El apelante invoca el artículo 5, No. 1, de la Ley No. 14 de 1924, que dice:

"Art. 5. Las disposiciones de esta Ley no serán aplicables—

"1. A la portación de los útiles, herramientas e instrumentos de las artes, profesiones, oficios y ocupaciones o deportes cuando se portaren con motivo y ocasión de los mismos. . . . ."

La Ley de 1905, enmendada en 1908 (Comp. 5994) enmendada a su vez en 1914, al determinar las armas prohibidas consignaba entre ellas el machete, y de acuerdo con la jurisprudencia establecida en el caso de *El Pueblo* v. *Cruz Rosado*, 34 D.P.R. 315, debe el machete seguirse considerando como un arma prohibida.

No hay duda alguna que el machete es un arma primordialmente de labranza y que ningún delito se comete cuando para la labranza se lleva sobre la persona, pero la historia de muchos crímines de sangre en Puerto Rico y de la guerra de independencia de Cuba, demuestra que es también

una terrible arma de ofensa y defensa. El legislador ha resuelto en justicia la situación consignando la excepción contenida en el artículo 5 de la ley No. 14 de 1924, pero ello no exige que la excepción tenga que eliminarse por virtud de una alegación expresa en la acusación. La excepción es materia de defensa y como tal debe alegarse.

Habiendo sido tomada como lo fué de Texas la ley prohibiendo portar armas de 1905, parece oportuno transcribir lo que sigue del *Supplement to Willson's Texas Criminal Statutes,* por W. H. Herron, página 121. Dice así:

"2.—ACUSACIÓN DE ACUERDO CON EL ARTÍCULO 338.—De conformidad con la ley original las excepciones comprendidas en el artículo 339 fueron incluídas en la cláusula en que se decreta la ley, y se resolvió que era necesario en la acusación, que ya directamente, o por necesaria inferencia, se nieguen cada una de dichas excepciones. S. v. Duke, 42 Tex. 455; Smith v. S. Id. 464; S. v. Clayton, 43 Tex. 410; Woodward v. S. 5 App. 296; Leatherwood v. S., App. 244. Revisando el Código las excepciones estaban separadas de la cláusula en que se decreta la ley y puestas separadamente en el artículo 339, y desde este cambio se ha resuelto que no es necesario negar ninguna de dichas excepciones, ya por alegación o mediante prueba. Lewis v. S., 7 App. 567; Zallner v. S., 15 App. 23."

En el caso de *United States* v. *Cook,* 84 U. S. 168, 21 L. Ed. 538, se dice lo siguiente:

"Los comentaristas y los jueces a veces han sido inducidos a error al suponer que las palabras 'enacting clause', como se emplean frecuentemente se refieren al artículo del estatuto que define el delito, a diferencia de un artículo subsiguiente en el mismo estatuto, lo cual es un mal entendimiento del término, pues la única verdadera cuestión en el caso es si la excepción está de tal modo incorporada a la esencia de la cláusula que define el delito que constituye una parte esencial de la descripción de los actos, omisión, u otros elementos que integran el delito. Tal delito debe ser descrito con exactitud y claridad, y si la excepción está incorporada de tal modo a la cláusula en que se describe el delito que se convierte en realidad en parte de la descripción, entonces no puede ser omitida en la alegación (*pleading*), pero si no está así incorporada a la cláusula que define el delito de manera que sea parte esencial de la definición del delito, entonces es materia de defensa y debe ser probado por

la otra parte, aunque esté en el mismo artículo, o aún en la frase subsiguiente.''

160 Fed. 528.

[3] También sostiene el apelante que no se probó la jurisdicción de la corte porque la evidencia practicada no demuestra dónde estaba la casa del acusado, sitio en que se ocupó el arma y por tanto lugar de la comisión del delito.

[4] El arma se ocupó al día siguiente y no es la ocupación del arma la que determina la comisión del delito, sino el haberla portado el acusado como necesariamente tuvo que portarla la noche anterior al agredir con ella en las afueras de la casa de Ramos a su adversario, y la evidencia demuestra que la casa de Ramos está situada dentro del término municipal de Camuy, del distrito judicial de Arecibo.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Wolf disintió.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

La apelación envuelve dos cuestiones. Primera, si en una causa por portar un arma prohibida el cargo de que el acusado voluntaria e ilegalmente portaba un machete, describe suficientemente un delito, y segunda, si suponiendo que la acusación sea suficiente, si hubo bastante prueba para demostrar que el machete en realidad se llevaba en la forma prohibida por la ley. El fiscal solicita la revocación por el primer fundamento.

La Ley No. 14 de junio 25, 1924, prescribe lo siguiente:

''Art. 1.—Toda persona que ilegalmente portare o condujere, cualquier arma o instrumento con el cual pueda causarse daño corporal, incurrirá en pena de prisión de un mes a seis meses.''

Lo que constituían ''armas'' no se definió específicamente en dicha ley pero resolvimos en el caso de *El Pueblo v. Cruz,* 34 D.P.R. 316, que la palabra ''arma'' sólo podía referirse a instrumentos destinados a ofensa y defensa, como se enumeraban en la ley de 1905, Compilación de Estatutos,

sección 5994; que los instrumentos semejantes a los mencionados allí sólo fueron los que se pudo tener en cuenta y que un vergajo no se usaba principalmente como instrumento de ofensa y defensa sino solamente para el castigo de animales. El punto principal resuelto fué que un vergajo no era un instrumento prohibido, porque su uso principal no era para fines de ofensa y defensa. Ni en Puerto Rico tampoco lo es un machete.

No debe dudarse de que en la forma, por su origen y posibilidades un machete es un instrumento peligroso, pero también es indudable que un machete en Puerto Rico se lleva por todas partes en el campo para fines de cortar y podar y que generalmente se porta inocentemente.

La decisión en el caso de *Cruz, supra,* se refería a los instrumentos usados para ofensa y defensa enumerados en la ley de 1905 como norma de la cual juzgar la naturaleza de un instrumento. Veamos lo que la ley de 1905 realmente ha dicho:

"Art. 1.—Si cualquier individuo, en Puerto Rico, llevare encima o en su persona, monturas alforjas o banastas, cualquier revólver, puñal, daga, honda, espada, bastón de estoque, garrote, arpón, o manopla, hecho de cualquier metal o cualquier sustancia dura; o cualquier faca u otro cuchillo manufacturado o vendido para fines de ofensa o defensa; o cualquier machete, se le impondrá una pena de multa mínima de cinco dollars y máxima de cincuenta dollars, o prisión por un período mínimo de diez días y máximo de sesenta días, o ambas penas; y durante el período de dicha prisión, dicho reo podrá ponerse a trabajar en cualesquiera trabajos públicos en el municipio en que se cometió el delito."

Las palabras "manufacturado o vendido para fines de ofensa o defensa" se referían manifiestamente a todos los instrumentos mencionados antes. El machete se menciona allí separadamente después. No fué bajo la ley en vigor definido como instrumento de ofensa y defensa. Ni es semejante por el uso general u objeto a todos los demás instrumentos especificados en la referida ley. Estos prácticamente no tienen ningún otro uso. En el caso de Cruz nece-

sariamente nos referíamos a la definición "para fines de ofensa o defensa" y los instrumentos en particular comprendidos en esa clasificación. La ley de 1924 no era tan específica como la anterior y tenía que ser interpretada como aplicable a los instrumentos enumerados en 1905 "usados para fines de ofensa y defensa."

Soy, por tanto, de opinión de que un "machete" no está incluído distintamente dentro del razonamiento del caso de *El Pueblo* v. *Cruz, supra,* y que la acusación debió alegar que el "arma" se portaba para fines de ofensa y de defensa, o algo semejante.