El Pueblo de Puerto Rico, demandante y apelado, *v.* José González, acusado y apelante.

No. 2911.—*Visto:* Noviembre 29, 1926. *Resuelto:* Diciembre 7, 1926

1. "INDICTMENT" Y ACUSACIÓN—REQUISITOS Y SUFICIENCIA DE LA ACUSACIÓN—DE LOS DELITOS DEFINIDOS Y CASTIGADOS POR ESTATUTOS—EXCEPCIONES Y PROVISOS—NEGACIÓN DE EXCEPCIONES O DEFENSAS.—No es necesario alegar en una acusación por portar armas prohibidas la no existencia de la excepción contenida en el inciso 1 del artículo 5 de la Ley No. 14 de 1924 (p. 115).

2. ARMAS—PORTAR ARMAS PROHIBIDAS—PROCESO Y CASTIGO—DEFENSAS.—La excepción contenida en el artículo 5, inciso 1, de la Ley No. 14 de 1924 (p. 115) es materia de defensa y como tal debe alegarse y probarse o probarse simplemente en el acto del juicio.

3. ARMAS—PORTAR ARMAS PROHIBIDAS—CUCHILLO—LARGO DE LA HOJA.—En proceso por portar sobre la persona un cuchillo, el hecho de que su hoja tenga más o menos de tres pulgadas no es de importancia decisiva, porque el cuchillo no es el cortaplumas o navaja plegadiza de bolsillo a que se refiere la ley.

SENTENCIA de *R. López Antongiorgi,* J. (Guayama), condenando al acusado por delito de Portar Armas Prohibidas. *Confirmada.*

*José J. Aponte,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La acusación formulada por el Fiscal, en lo pertinente, dice: "el referido José González, allá por el día 4 de Enero de 1926, en el barrio Carite de Guayama, P. R., . . . . ilegal y voluntariamente portaba y conducía un cuchillo, siendo éste un instrumento con el cual puede causarse daño corporal."

Fué la causa a juicio, practicándose prueba de cargo y de descargo, y la corte, después de desestimar una excep-

ción perentoria formulada por el acusado, lo declaró culpable del delito de portar armas prohibidas y lo condenó a sufrir cuarenta y cinco días de cárcel.

No conforme González interpuso el presente recurso de apelación, señalando en su alegato la comisión de dos errores cometidos a su juicio por la corte de distrito al declarar sin lugar la excepción y al apreciar la prueba.

[1, 2] Sostiene el apelante que la acusación no es suficiente porque no alega que al conducir el arma el acusado no era con motivo y en ocasión de utilizar la misma en el ejercicio de su profesión, ocupación o deporte. Invoca el caso de *El Pueblo* v. *Soto,* 34 D.P.R. 286.

Basta leer la decisión en el caso de Soto, *supra,* para concluir que no es aplicable en el sentido en que la invoca el apelante. Aplicable es la de *El Pueblo* v. *Rivera,* 35 D. P.R. 545, en la que se resolvió que la excepción contenida en el inciso 1 del artículo 5 de la Ley No. 14 de 1924 no es necesario negarla por virtud de una alegación expresa en la acusación, siendo como es materia de defensa que debe alegarse y probarse o probarse simplemente en el acto de la vista.

No existe, pues, el primer error. Tampoco el segundo.

La prueba de cargo demostró que el acusado tuvo "unas palabras" con José Rodríguez y sacó un cuchillo. Según Rodríguez el cuchillo no era muy grande. La hoja era de hierro y tendría como tres pulgadas y media, aunque no podía asegurarlo.

La prueba de descargo no tiende a demostrar que el cuchillo que portaba González no era en sí mismo un arma prohibida, o que lo llevaba el acusado y lo usaba únicamente en su profesión, oficio, ocupación o deporte (caso de *El Pueblo* v. *Soto, supra*), sino más bien intenta probar que el acusado no portaba el cuchillo, ni arma de especie alguna. Declarando el propio acusado dijo que "ese día," refiriéndose al 4 de enero de 1926, "se le salió una vela que

traía en el bolsillo y cuando la cogió tal vez creían que era un cuchillo. . . . . Que él no portaba cuchillo alguno.''

La corte sentenciadora creyó a Rodríguez y no dió crédito al acusado y éste no ha demostrado que al actuar de tal modo lo hiciera movida por pasión, prejuicio o parcialidad o que cometiera algún error manifiesto, y debe por tanto quedar en pie su conclusión.

[3] Insiste el apelante en su alegato en sostener que la prueba fué deficiente porque el testigo principal del Pueblo no aseguró que el cuchillo que dijo que sacó el acusado tuviera más de tres pulgadas. Tal argumento carece de fuerza porque el largo de la hoja no es de importancia decisiva en este caso, pues no se trata del cortaplumas o cuchilla plegadiza de bolsillo a que se refiere el No. 3 del artículo 5 de la Ley No. 14 de 1924, sino de un cuchillo que, según el diccionario, es un ''instrumento de hierro acerado y de un corte solo, con mango de metal, madera u otra cosa,'' que no se lleva generalmente sobre la persona, mientras que cortaplumas, según la misma autoridad, es un ''instrumento a manera de navaja pequeña usado para cortar plumas,'' con el que podrá quizá causarse daño corporal en alguna ocasión inesperada pero cuyos otros múltiples usos personales, enteramente independientes de los fines de ofensa o defensa, son los determinantes de que se lleve comúnmente sobre la persona.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.