EL PUEBLO DE PUERTO RICO, demandante y apelado, v. ANTONIO CORREA, acusado y apelante.

No. 3088.—*Visto:* Febrero 18, 1927. *Resuelto:* Marzo 18, 1927.

1. ARMAS—PORTAR ARMAS PROHIBIDAS—PROCESO Y CASTIGO—EVIDENCIA—PRESUNCIONES Y PESO DE LA PRUEBA.—El hecho de matar a una persona con un revólver no establece una presunción concluyente de que el matador portaba el arma ilegalmente.

2. DERECHO PENAL—EVIDENCIA—CONOCIMIENTO JUDICIAL, PRESUNCIONES Y PESO DE LA PRUEBA—DEL PESO DE LA PRUEBA EN PROCESOS CRIMINALES—EN GENERAL.—En procesos criminales, el peso de la prueba recae sobre el gobierno y a él corresponde establecer, más allá de toda duda razonable, las circunstancias del delito.

SENTENCIA de *Roberto H. Todd, Jr.,* J. (Ponce), condenando al acusado por delito de Portar Armas Prohibidas. *Revocada.*

*Agustín E. Font,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Se trata de una sentencia que declaró culpable al acusado de un delito de portar armas.

En su alegato el apelante señala como error la insuficiencia de la prueba. El Fiscal admite el error y está conforme con la revocación.

La prueba de cargo consistió únicamente en la declaración del testigo Jaime González, policía insular, jefe de

distrito, manifestando que el acusado se le presentó en su casa, con otros amigos, diciendo que Juan de la Cruz le perseguía y que había tenido que matarlo.

Después de esta declaración el abogado defensor presentó una moción de nonsuit por no haberse probado la acusación. Parece que primeramente la corte inferior estaba convencida de lo insuficiente del testimonio del policía, pues éste fué llamado por segunda vez a declarar y dijo que el acusado admitió que había matado a Juan de la Cruz con un revólver. La corte inferior, con esta declaración del testigo y fundándose en el caso de El Pueblo v. Rivera, 35 D.P.R. 548, declaró culpable al acusado del delito imputado en la acusación, imponiéndole 30 días de cárcel.

El caso de El Pueblo v. Rivera, supra, no es aplicable. Los hechos son distintos. La evidencia dejó claramente establecido que el acusado portaba un machete. Al acusado se le vió llegar portando un machete a la casa de Bonifacio Ramos; tuvieron un disgusto y fuera de la casa el acusado hirió a Ramos con el machete.

[1, 2] En el presente caso, aunque se admita que el acusado ha dado muerte al interfecto con un revólver, no consta el sitio ni la forma y modo en que se realizó el suceso. El hecho de matar a una persona con un revólver no establece una presunción concluyente de que el matador portaba el arma ilegalmente. Ha podido ocurrir con la misma arma que estuviera en poder del interfecto. Ha podido llegar accidentalmente a manos del acusado o hacer uso de ella dentro de su propio domicilio. Son, pues, todas estas probabilidades que envuelven materia de defensa en este caso, pero que el acusado no está obligado a sostenerlas si él no cree necesario hacerlo. El peso de la evidencia recae sobre el gobierno y a él corresponde establecer, más allá de toda duda razonable, las circunstancias del delito.

*Por todo lo expuesto, debe revocarse la sentencia apelada y absolverse al acusado.*