El Pueblo de Puerto Rico, demandante y apelado, *v.* Pedro Rosario, acusado y apelante.

No. 3464.—*Sometido:* Noviembre 23, 1928. *Resuelto:* Enero 31, 1929.

*A. A. Miranda* y *R. Delgado Ramos,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En una acusación por el delito de portar armas, al terminarse la presentación de la prueba, la Corte de Distrito de Humacao, después de preguntar acerca de los antecedentes del acusado, dijo: "Entonces la corte le impone treinta y cinco días de cárcel, sin costas." Según todos los precedentes, ésta es, en casos de delitos menos graves, por lo menos, una forma lacónica bien entendida usada por las cortes para declarar a un acusado culpable y para senten-

ciarlo. El pronunciamiento, según fué hecho, pudo ser suficiente en este caso, o pudo haberse hecho que lo fuera. Las autoridades para esta conclusión pueden hallarse en 8 R.C.L. 231, *El Pueblo* v. *Rodríguez,* 35 D.P.R. 276, y *Ex parte Gibson,* 31 Cal. 620. No obstante, el acusado apeló y señaló como error que la corte antes de sentenciarlo debió haberle declarado primeramente culpable del delito imputádole.

El mismo día, y por consiguiente, dentro del término que una corte tiene para corregir sus sentencias erróneas, de haberlas, dictó sentencia formal declarando al acusado culpable y sentenciándole a la pena de treinta y cinco días de cárcel. Es casi inconcebible que se haya hecho seriamente un señalamiento de error como éste.

Otro señalamiento de error era que la corte debió haber permitido la declaración de un testigo que fué repreguntado si otro testigo no había manifestado que la pistola en cuestión pertenecía no al acusado sino al testigo principal de El Pueblo.

Este señalamiento se discute sumariamente en el alegato. La prueba ofrecida era *prima facie* enteramente de referencia, y ciertamente no fué ofrecida en debida forma para contradecir a un testigo. No vemos razón para intervenir en la apreciación de la prueba hecha por la corte inferior y *la sentencia apelada debe ser confirmada.*