EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
EUGENIO BONILLA, acusado y apelante.

No. 3613.—*Sometido:* Noviembre 20, 1928. *Resuelto:* Febrero 12, 1929.

*José Veray Jr.*, abogado del apelante; *José E. Figueras*, abogado de El Pueblo, apelado

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Eugenio Bonilla fué acusado de portar ilegal y voluntariamente un cuchillo, arma con la cual puede causarse daño corporal. Celebrado el juicio ante la corte de distrito, ésta lo declaró culpable y le impuso cuatro meses de cárcel. Bonilla apeló para ante este tribunal, señalando en su alegato dos errores que pueden reducirse a uno: la sentencia no está sostenida por la prueba.

No estamos conformes. El apelante invoca los casos de *El Pueblo* v. *Scott,* 36 D.P.R. 802 y *El Pueblo* v. *Cartagena,* 37 D.P.R. 281, en los cuales se sostuvo que cuando no se ocupa ni se presenta como prueba el arma, la prueba de su existencia debe ser clara y convincente.

Así es en efecto, pero analizada la practicada en este caso se encuentra que cumple con lo que la jurisprudencia exige. No demuestra que se ocupara el arma, ni el arma fué presentada como prueba, pero es clara y convincente.

El testigo Regino Bonilla a quien el acusado hirió con el cuchillo, entre otras cosas declaró, refiriéndose al acusado: "Yo ví que cuando llegó a la casa de Pablo Carrero tenía un cuchillo grande que tenía unas tachuelas de cobre: de esos cuchillos americanos grandes; . . . . . lo tenía aquí, en la pretina, así al lado; . . . . . yo lo ví, y fuí y cogí a Eugenio Bonilla por un brazo y le dije: 'considera a este muchacho, que ustedes siempre se han tratado como hermanos; está demás que vayan a pelear,' y entonces me dijo: 'no te metas tú,' y haló por el cuchillo y me tiró a mí; . . . . . que la hoja era blanca; era un cuchillo nuevo." Otro testigo, Felipe Méndez, declaró que el acusado le tiró a Regino con un cuchillo; que vió el cuchillo; que era "un cuchillo largo él;" que no le vió el cabo, y a las siguientes preguntas del

abogado del acusado, contestó: "P.—¿Y la hoja era mohosa o cómo? R.—Mohosa. P.—¿Era un cuchillo nuevo o viejo? R.—Viejo." Y Ramón González, un tercer testigo declaró que vió al acusado que tenía un cuchillo.

La contradicción que se advierte entre las declaraciones de Regino Bonilla y Felipe Méndez en cuanto a si el cuchillo era viejo o nuevo, no es de importancia. Ambos afirmaron sin vacilación que el acusado portaba un cuchillo y el portar el cuchillo, sea nuevo o viejo, es lo que constituye el delito.

También se invocan por el apelante los casos de *El Pueblo* v. *Moll*, 28 D.P.R. 783 y *El Pueblo* v. *Correa*, 36 D.P.R. 440. El primero no es aplicable. Aquí hay prueba directa de que el acusado portaba realmente el cuchillo y no que lo tomara incidentalmente en sus manos con un propósito sano como en el caso de Moll. Tampoco es aplicable el segundo. Allí la única prueba aportada consistió "en la declaración del testigo Jaime González, policía insular, Jefe de Distrito, manifestando que el acusado se le presentó en su casa, con otros amigos, diciéndole que Juan de la Cruz le perseguía y que había tenido que matarlo." Y esta corte al revocar, por falta de prueba, la sentencia que condenó al acusado como autor de un delito de portar un arma prohibida, por medio de su Juez Asociado Sr. Franco Soto, se expresó así:

"En el presente caso, aunque se admita que el acusado ha dado muerte al interfecto con un revólver, no consta el sitio ni la forma y modo en que se realizó el suceso. El hecho de matar a una persona con un revólver no establece una presunción concluyente de que el matador portaba el arma ilegalmente. Ha podido ocurrir con la misma arma que estuviera en poder del interfecto. Ha podido llegar accidentalmente a manos del acusado o hacer uso de ella dentro de su propio domicilio. Son, pues, todas éstas probabilidades que envuelven materia de defensa en este caso, pero que el acusado no está obligado a sostenerlas si él no cree necesario hacerlo. El peso de la evidencia recae sobre el gobierno y a él corresponde establecer, más allá de toda duda razonable las circunstancias del delito."

Aquí la prueba de que el acusado hirió a otra persona, no es la única. De la herida se habló incidentalmente y ella

en verdad pone de manifiesto lo que sirvió de base al legislador puertorriqueño al aprobar una ley severa prohibiendo la portación de armas, porque al hecho de llevarlas consigo se debe la mayor parte de los delitos de sangre que surgen como consecuencia de una pendencia súbita, que se cometen en esta Isla. Pero la prueba directa y detallada versó sobre la comisión del delito imputado, a saber, que el acusado portaba un cuchillo, arma con la cual puede causarse daño corporal.

*Debe confirmarse la sentencia recurrida.*