El Pueblo de Puerto Rico, demandante y apelado, *v.* Germán Muñiz Núñez, acusado y apelante.

No. 5132.—*Sometido:* Julio 10, 1933. *Resuelto:* Julio 26, 1933.

*V. Polanco de Jesús,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Germán Muñiz Núñez, declarado culpable por la Corte de Distrito de Arecibo de un delito de portar armas, apeló de la sentencia, estableciendo la única defensa de que "la acusación no le imputa un delito, porque tratándose de la portación de un machete, que de por sí no es un arma prohibida, no alega el fiscal que dicha portación no fuera con motivo de la ocupación, uso o deporte."

■■ La acusación formulada en la Corte de Distrito contra el apelante, en lo pertinente, dice así:

"El referido acusado Germán Muñiz Núñez, allá por el día del 10 al 11 de septiembre de 1931, en Ciales, que forma parte del distrito judicial de Arecibo, P. R., ilegal y voluntariamente portaba y conducía un machete, siendo dicho machete un arma con la cual puede causarse daño corporal."

Esta acusación es idéntica a la que se presentó en el caso de *El Pueblo* v. *Rivera,* 35 D.P.R. 545, que esta Corte estimó reunía los requisitos esenciales para imputar al acusado un delito de portar un arma prohibida. De la opinión que esta corte emitiera en dicho caso copiamos lo siguiente:

"La Ley de 1905, enmendada en 1908 (Comp. 5994) enmendada a su vez en 1924, al determinar las armas prohibidas consignaba entre ellas el machete, y de acuerdo con la jurisprudencia establecida en el caso de El Pueblo v. Cruz Rosado, 34 D.P.R. 315, debe el machete seguirse considerando como un arma prohibida.

"No hay duda alguna que el machete es un arma primordialmente de labranza y que ningún delito se comete cuando para la labranza se lleva sobre la persona, pero la historia de muchos crímenes de sangre en Puerto Rico y de la guerra de independencia de Cuba, demuestra que es también una terrible arma de ofensa y defensa El legislador ha resuelto en justicia la situación consignando la excepción contenida en el artículo 5 de la Ley No. 14 de 1924, pero ello no exige que la excepción tenga que negarse por virtud de una alegación expresa en la acusación. La excepción es materia de defensa y como tal debe alegarse."

El mismo principio fué sostenido en el caso de *El Pueblo* v. *González,* 36 D.P.R. 53, donde se ratifica la doctrina sentada en el caso de *El Pueblo* v. *Rivera,* supra.

El machete, aun cuando se usa como instrumento de labor, ha sido considerado arma prohibida por la jurisprudencia de este tribunal, interpretando la ley en vigor. Es al acusado a quien corresponde establecer la excepción como defensa, sin que sea necesario que ésta sea negada en la acusación.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Wolf disintió.* 