EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO ROMERO ACEVEDO, acusado y apelante.

Núm. 7141.—*Sometido:* Marzo 9, 1939. *Resuelto:* Abril 19, 1939.

---

* NOTA: Véase el prefacio.

*Herminio Miranda Negrón*, abogado del apelante; *R. A. Gómez, Fiscal*, y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Antonio Romero Acevedo fué denunciado en la Corte Municipal de Arecibo por un delito de portar armas, consistente en que allá para el 29 de noviembre de 1936 y en Arecibo, Puerto Rico, "ilegal, voluntaria y maliciosamente portaba y conducía sobre su persona, para fines de ofensa y defensa, una cuchilla curva, estilo faca, de 3¼" de largo por 3/43 (*sic*) de ancho, . . . que es un arma mortífera con la cual se puede causar grave daño corporal en la persona de un semejante, y la que portaba el acusado, no siendo en su profesión, ocupación, oficio o deporte, y la que le fué ocupada y se presenta como materia de evidencia en el caso ante esa Hon. Corte."

La Corte Municipal de Arecibo lo sentenció a un mes de cárcel y las costas. Apeló para ante la corte de distrito y luego de celebrado un juicio *de novo,* fué condenado a un mes de cárcel con las costas.

Apeló de dicha sentencia para ante este tribunal y la única cuestión a resolver es si en efecto la cuchilla ocupada es un arma prohibida dentro de las disposiciones de la Ley de Portar Armas de 1924 (Leyes de ese año, pág. 115).

No hay controversia en cuanto a los hechos. Sostiene el acusado que la hoja no excede de tres pulgadas de largo y que siendo el arma una cuchilla plegadiza, no es de las prohibidas por la ley. Admite el juez de distrito que la hoja no excede de tres pulgadas, pero sostiene que no se trata de una cuchilla plegadiza sino de un "machetito", y que por

consiguiente dicha arma no está comprendida en la excepción establecida en el artículo 5 de la ley de 25 de junio de 1924, supra, que en lo pertinente dice así:

"Artículo 5.—Las disposiciones. de esta Ley no serán aplicables:
"     .   .   .   .   .   .   .   .   .   .   .

"3. A la portación de cortaplumas o cuchillas plegadizas *de bolsillo,* cuyas hojas no excedan de tres pulgadas de largo;" (Bastardillas nuestras.)

La cuchilla fué traída ante este tribunal. No podemos convenir con el juez de distrito en que el arma en cuestión sea un "machetito". Se trata de una cuchilla plegadiza, porque su hoja se pliega dentro del mango. Medida desde la rabera del acero hasta su terminación (*Pueblo* v. *Peña,* 34 D.P.R. 76), la hoja mide justamente tres pulgadas de longitud. Es curva, en forma de faca, y plegada la cuchilla mide cerca de dos pulgadas de ancho. Por su construcción, y uso a que se dedica, no es claramente un cortaplumas o cuchilla de bolsillo. En el caso de *El Pueblo* v. *González,* 36 D.P.R. 52, 54, al establecer una comparación entre el cuchillo y el cortaplumas de bolsillo, refiriéndose a este último se dijo:

".  .  .  . cortaplumas, según la misma autoridad (el diccionario) 'es un instrumento a manera de navaja pequeña usado para cortar plumas,' con el que podrá quizá causarse daño corporal en alguna ocasión inesperada pero cuyos otros múltiples usos personales, enteramente independientes de los fines de ofensa o defensa, son los determinantes de que se lleve comúnmente sobre la persona." (Paréntesis nuestro.)

Sabemos que los electricistas usan cuchillas plegadizas como la ocupada al acusado para quitar la cubierta de los alambres eléctricos al hacer conexiones, pero del récord no aparece que el acusado, al ocupársele el arma, la estuviese usando para esos fines.

A nuestro juicio el arma en cuestión no está comprendida en el inciso 3 del artículo 5 de la Ley de Portar Armas de 1924, y siendo ello así es un arma prohibida. *Procede declarar sin lugar el recurso y confirmar la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.