EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
FRANCISCO CASTILLO, acusado y apelante.

Núm. 8592.—*Sometido:* Marzo 12, 1941. *Resuelto:* Marzo 17, 1941.

*José R. Fournier,* abogado del apelante; *Hon. Procurador General
George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,*
abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Francisco Castillo fué acusado de portar sobre su persona "una cuchilla curva plegadiza de más de tres pulgadas de largo, conocida por *faca.*" Se alega en la denuncia que el arma fué ocupada y presentada a la corte como evidencia.

En el presente recurso, interpuesto contra la sentencia de dos meses de cárcel que le fué impuesta por la Corte de Distrito de Bayamón, el acusado apelante alega que dicha sentencia es contraria a la prueba y a la ley; que la corte sentenciadora erró al dictarla, porque no se identificó el arma ni se ofreció como prueba; y que erró igualmente al apreciar la prueba.

De la transcripción de evidencia resultan probados fuera de toda duda razonable los hechos siguientes:

El día 12 de mayo de 1940, Día de las Madres, se celebraba un baile en casa de Feliciano Nieves. Como a las dos de la tarde llegaron allí el acusado y dos amigos suyos, Eleuterio Vázquez y Martín Castillo, y pidieron que tocaran música para bailar. Al decirles el dueño de la casa que aquella era una fiesta familiar, Martín Castillo hizo dos disparos contra el seto de la casa y Eleuterio Vázquez hizo otros dos disparos, uno de los cuales hirió en la quijada a Feliciano Nieves. Al intervenir Rafael Nieves para defender a su padre, el acusado Francisco Castillo le hirió con una cuchilla o "gulvia," y después de herirle tiró el arma al batey. El arma fué recogida y entregada más tarde a la policía. Los cinco testigos de El Pueblo identificaron la cuchilla o "gulvia" que les fué presentada en el acto del juicio, como el arma que había esgrimido el acusado y con la cual había herido a Rafael Nieves.

Es cierto que del récord no aparece que el arma fuese ofrecida formalmente en evidencia por el fiscal. Pero, apareciendo que fué presentada a la corte, juntamente con la denuncia "como materia de evidencia en el caso," y que en el acto del juicio fué mostrada a todos los testigos, no solamente para los fines de identificación si que también para que declarasen en cuanto al uso que de ella había hecho el acusado, sin objeción por parte de la defensa, debemos resolver que el arma en cuestión quedó debidamente identificada, sin que fuera imprescindible su presentación en evidencia.

En el caso de *El Pueblo* v. *Romero*, 54 D.P.R. 625, la cuchilla fué traída ante esta Corte Suprema. Al confirmar la sentencia, se dijo:

"... Se trata de una cuchilla plegadiza, porque su hoja se pliega dentro del mango. Medida desde la rabera del acero hasta su terminación (*Pueblo* v. *Peña*, 34 D.P.R. 76), la hoja mide justamente tres pulgadas de longitud. Es curva, en forma de faca, y plegada la cuchilla mide cerca de dos pulgadas de ancho. Por su construcción, y uso a que se dedica, no es claramente un cortaplumas o cuchilla de bolsillo. En el caso de *El Pueblo* v. *González*, 36 D.P.R. 52, 54,

al establecer una comparación entre el cuchillo y el cortaplumas de bolsillo, refiriéndose a este último se dijo:

" '...cortaplumas, según la misma autoridad (el diccionario) "es un instrumento a manera de navaja pequeña usado para cortar plumas," con el que podrá quizá causarse daño corporal en alguna ocasión inesperada pero cuyos otros múltiples usos personales, enteramente independientes de los fines de ofensa o defensa, son los determinantes de que se lleve comúnmente sobre la persona'." (Paréntesis nuestro).

"Sabemos que los electricistas usan cuchillas plegadizas como la ocupada al acusado para quitar la cubierta de los alambres eléctricos al hacer conexiones, pero del récord no aparece que el acusado, al ocupársele el arma, la estuviese usando para esos fines.

"A nuestro juicio el arma en cuestión no está comprendida en el inciso 3 del artículo 5 de la Ley de Portar Armas de 1924, y siendo ello así es un arma prohibida."

 Todos los testigos examinados en este caso, al referirse a la cuchilla que se les mostraba para su identificación la llamaban "gulvia." Esta corte toma conocimiento judicial de que las cuchillas vulgarmente conocidas como "gulvias," son las mismas cuchillas plegadizas y curvas que también se conocen bajo la denominación de "facas"; y que las llamadas "gulvias" no son los cortaplumas de bolsillo cuya portación está permitida por el apartado 3 del artículo 5 de la ley de 25 de junio de 1924. (Ley núm. 14 de 1924, pág. 115.).

*La sentencia recurrida debe ser confirmada.*