### El Pueblo v. Julián.

Apelación procedente de la Corte de Distrito de Guayama.

No. 465.—Resuelto en diciembre 3, 1912.

Derecho Penal—Portar Armas Prohibidas—Orden en la Presentación de Pruebas—Discreción del Tribunal Sentenciador.—No comete error el tribunal que en el ejercicio de la facultad discrecional que tiene para regular el orden en la presentación de pruebas, permite a una parte, después de cerrar

su caso terminando con la presentación de todas sus pruebas, la investigación de cualquier hecho directamente relacionado con la cuestión en conversia.

ID.—TERMINACIÓN DE LA PRUEBA DEL FISCAL—PERMISO PARA PRESENTAR PRUEBA ADICIONAL.—En el caso de autos se resolvió que habiendo el Fiscal renunciado a la presentación del resto de sus testigos, reservándose el derecho de presentar el arma ocupada, tal renuncia no quiere decir que el Fiscal haya cerrado su caso terminando la presentación de toda su prueba y el tribunal sentenciador no cometió error al permitirle probar que en realidad fué ocupado un revólver al acusado, lo cual solicitó al tener conocimiento de que dicho revólver no había sido recibido en la corte.

ID.—PORTAR ARMAS PROHIBIDAS—ELEMENTOS DE DICHO DELITO—PRESENTACIÓN DEL ARMA OCUPADA.—El delito de portar armas prohibidas no consiste en que a una persona se le ocupe determinada clase de armas, sino en llevar encima o en su persona, montura, alforjas, banastas, cualquier revólver, puñal, etc., (leyes de 1905, p. 23) y por lo tanto para condenar a una persona acusada de dicho delito, no es necesario probar que el arma ha sido ocupada, ni presentar dicha arma al tribunal sentenciador.

Los hechos están expresados en la opinión.

La parte apelante no compareció.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Conociendo la Corte de Distrito de Guayama, en grado de apelación, de una denuncia presentada en la corte de paz de dicha localidad contra Lúcas Julián, lo declaró culpable del delito que se le imputó de portar armas prohibidas y le impuso la pena correspondiente. Contra ese fallo estableció Lucas Julián recurso de apelación para ante esta Corte Suprema, en la cual no ha presentado alegato de errores ni tampoco asistió a la vista de ella, pero en la transcripción de los autos existe un pliego conteniendo la prueba practicada en el juicio y las excepciones que la defensa del denunciado consignó a ciertas resoluciones de la corte sentenciadora.

Del expresado pliego aparece que después de haber examinado el Fiscal dos testigos que presentó a la corte, renunció al resto de su prueba, pero le pidió permiso para presentar como evidencia el revólver ocupado al denunciado; y al saber por el secretario de dicha corte que tal arma no se

había recibido en ella, anunció que presentaría prueba de su extravío.

Luego renunció también a este medio de prueba y anunció que presentaría testigos que habían visto el arma en el juzgado de paz, a cuya clase de prueba se opuso la defensa fundándose, primero, en que el Fiscal había cerrado ya su caso; y segundo, en que la evidencia del testigo que se ofreció acerca de que se inscribió el arma en el registro de la policía no es evidencia de que tal arma perteneciera al acusado y que le fuera ocupada y presentada en el juicio celebrado contra él.

En cuanto al primer motivo de la excepción diremos que el Fiscal no había aún terminado la presentación de toda su evidencia, pues si bien renunció al resto de sus testigos, manifestó, sin embargo, que presentaría el arma ocupada y cuando conoce que no se ha recibido en la corte, trata de probar por otros medios que en realidad fué ocupado un revólver al acusado. Pero aunque hubiera sido cierto que cuando él propuso esta última evidencia ya había terminado el Fiscal con toda su prueba, no obstante, la corte no habría cometido error alguno en su admisión porque tiene facultad discrecional para regular el orden de la presentación de las pruebas y para permitir la investigación de cualquier hecho directamente relacionado con la cuestión en controversia. (*Arruza* v. *Laugier,* 14 D. P. R., 28.)

El segundo fundamento de la excepción está relacionado íntimamente con una moción que terminadas las pruebas presentó la defensa del acusado, por lo que las trataremos conjuntamente.

Al terminar su prueba el Fiscal la defensa del denunciado alegó que no se había probado el delito imputádole, porque no se había presentado la evidencia adecuada de la existencia del arma ocupada que es el *corpus delicti,* o prueba supletoria de acuerdo con la ley de evidencia, por lo que faltando esa prueba que es la principal en el delito de portar armas prohibidas, el Pueblo no ha probado su caso.

Esta moción y el segundo motivo de la anterior parece sostener la teoría de que en los delitos de portar armas prohibidas es necesaria la presentación del arma ocupada y que sólo en defecto de esto puede presentarse evidencia secundaria.

En el caso presente, aunque no se presentó a la corte de distrito el arma ocupada al apelante, sin embargo, se mostró a ella suficientemente que al ser detenido Lucas Julián llevaba encima, y le fué ocupado, un revólver cargado con cuatro cápsulas, lo que es suficiente para que fuera declarado culpable del delito de que se le juzgó, pues la presentación del arma no es un elemento esencial en el delito de portar armas prohibidas, que no consiste en que a una persona se le ocupe determinada clase de armas, sino en demostrar que lleva encima o en su persona, montura, alforjas o banastas, cualquier revólver, puñal, etc. (Leyes de Puerto Rico del año 1905, pág. 23.)

Si, pues, tal delito está constituído por el hecho de llevar encima o en la persona cualquier arma de las que especifica la misma ley, justificados esos extremos, no es necesario para que proceda una condena, que el arma haya sido ocupada ni que se presente al tribunal que conozca del caso, por lo que no existe el error alegado por el apelante por no haberse presentado el arma que portaba el denunciado.

No vemos motivos para una revocación del fallo y debe ser confirmado.

*Confirmada*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.