EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
VICTORIANO NIEVES, acusado y apelante.

No. 2648.—*Visto:* Enero 28, 1926. *Resuelto:* Febrero 16, 1926.

1. ARMAS—PROCESO Y CASTIGO—EVIDENCIA—PRUEBA DE LA EXISTENCIA DEL ARMA
—PRESENTACIÓN DEL ARMA.—Para establecer la existencia del arma o ins-
trumento en la forma que prohibe el artículo 1 de la Ley No. 14 de junio
25, 1924 (p. 115), no es condición *sine qua non,* como cuestión legal, la
presentación del arma misma si existen otros elementos o circunstancias que
demuestran que el acusado la portaba (*El Pueblo* v. *Julián,* 18: 940, seguido).
2. ARMAS—PROCESO Y CASTIGO—APELACIÓN—APRECIACIÓN DE LA PRUEBA—PRUEBA
CONTRADICTORIA.—La circunstancia de que el fiscal del distrito dejara de uti-
lizar dos testigos que tenía en su lista de testigos y fueran utilizados a su
vez por el acusado en su defensa haciendo manifestaciones contrarias a los
restantes testigos de cargo, no es dato que pueda servir de base a la revo-
cación, ya que el juez sentenciador no creyó a tales testigos y fué una cues-
tión de credibilidad que incumbía a la sola competencia de dicho juez mien-
tras no se demostrase que actuara movido por pasión, prejuicio o parcialidad
o se cometiera error manifiesto, nada de lo cual se desprende de la evidencia
en este caso.

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), condenando al acusado
por delito de portar armas, con costas. *Confirmada.*

*Francisco M. Cadilla,* abogado del apelante; *José E. Figueras,* abo-
gado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

En este caso el acusado fué condenado a sufrir la pena
de treinta y cinco días de cárcel por portar un revólver en
su persona.

Apeló y señala en su alegato dos errores, a saber:

"Primero: La Hon. Corte del Distrito de Arecibo, cometió error
al declarar probado que Victoriano Nieves llevaba un revólver so-
bre su persona el día 24 de Mayo de 1925 en Carrizales de Hatillo,
a pesar de no haberse presentado como prueba dicha arma;

"Segundo: La Corte del Distrito de Arecibo cometió grave error
al declarar culpable a Victoriano Nieves estimando que éste portaba
un revólver y que el mismo le fué quitado u ocupado por Juan Ber-
nard y Flor Alvarez a pesar de que dichos dos testigos que son los
más importantes llevados ante la corte por el fiscal, declararon bajo
juramento que el acusado Victoriano Nieves no portaba revólver al-
guno en dicho día y a pesar de haber negado ellos enfáticamente ha-
berle ocupado revólver alguno al apelante."

[1] Para establecer la existencia del arma o instrumento en la forma que prohibe el artículo 1 de la ley No. 14 de junio 25, 1924, (p. 115) no es condición *sine qua non,* como cuestión legal, la presentación del arma misma si existen otros elementos o circunstancias que demuestran que el acusado la portaba. Este punto fué resuelto en el caso de *El Pueblo* v. *Julián,* 18 D.P.R. 940, diciéndose entonces por esta Corte Suprema:

"En el caso presente, aunque no se presentó a la corte de distrito el arma ocupada al apelante, sin embargo, se mostró a ella suficientemente que al ser detenido Lucas Julián llevaba encima, y le fué ocupado, un revólver cargado con cuatro cápsulas, lo que es suficiente para que fuera declarado culpable del delito de que se le juzgó, pues la presentación del arma no es un elemento esencial en el delito de portar armas prohibidas, que no consiste en que a una persona se le ocupe determinada clase de armas, sino en demostrar que lleva encima o en su persona, montura, alforjas o banastas, cualquier revólver, puñal, etc."

Aunque la ley prohibiendo portar armas, aprobada en marzo 9, 1905, (Comp. sec. 5994) fué la aplicable en el citado caso, la enmienda de que fué objeto por la ley No. 14 de junio 25, 1924, (p. 115) no cambia la doctrina establecida, pues el propósito de la legislatura quedó invariable en ese punto.

[2] La prueba fué contradictoria y el conflicto fué decidido por la corte inferior sin que se haya demostrado que el juez abusara de su discreción en la apreciación de la misma, pues la circunstancia de que el fiscal del distrito dejara de utilizar dos testigos que tenía en su lista de testigos y fueran utilizados a su vez por el acusado en su defensa haciendo manifestaciones contrarias a los restantes testigos de cargo, no es dato que pueda servir de base a la revocación, ya que el juez sentenciador no creyó a tales testigos y fué una cuestión de credibilidad que incumbía a la sola competencia de dicho juez mientras no se demostrase que actuara movido por pasión, prejuicio o parcialidad o se

cometiera error manifiesto, nada de lo cual se desprende de la evidencia en este caso.

Debe *confirmarse* la sentencia apelada.