EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HERMENEGILDO CLAUDIO, acusado y apelante.

No. 2591.—*Visto:* Febrero 10, 1926. *Resuelto:* Febrero 16, 1926.

1. ARMAS—PROCESO Y CASTIGO—EVIDENCIA—PRUEBA DE LA EXISTENCIA DEL ARMA —PRESENTACIÓN DE LA MISMA.—El acto de portar un arma, que es lo que está prohibido por ley, puede ser probado por cualquiera de las formas conocidas en ley; la presentación del arma es incidental o secundario (*Pueblo v. Julián*, 18: 940, y *Pueblo v. Nieves*, 35: 53, seguidos).

2. ARMAS—PRECEPTO ESTATUTORIO—INTERPRETACIÓN—ACUSACIONES DOBLES.—Las palabras del artículo 1 de la Ley prohibiendo portar armas de 1924 (p. 115) no se prestan para la interpretación de que las únicas dobles acusaciones dentro de dicha ley son por conducta desordenada y portar armas prohibidas se puede acusar de acometimiento y agresión y también por portar armas prohibidas.

SENTENCIA de *M. Rodríguez Serra, J.* (Segundo Distrito, San Juan), condenando al acusado por delito de portar armas, sin costas. *Confirmada.*

*Adrián Agosto,* abogado del apelante; *José E. Figueras,* abogado del pueblo.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El acusado fué declarado culpable del delito de portar armas prohibidas mediante prueba tendente a acreditar que el día referido en la denuncia, o sea, el 14 de octubre de 1925, el acusado estaba cerca de un cafetín en el sitio conocido por Puerto Arturo, sub-barrio El Gandul, se dirigió al dueño del cafetín diciéndole y ordenándole que saliera, pues el acusado deseaba hablar con él; que el dueño del establecimiento contestó que no podía salir porque estaba ocupado en el momento; que entonces el acusado dijo "Si no sales te mato ahí mismo," sacando un revólver que portaba en uno de los bolsillos de su pantalón; que entonces el dueño huyó hacia el interior de una habitación y el acu-

sado le disparó dos tiros con un revólver que según los testigos era niquelado y blanco.

[1] El revólver no fué ofrecido como prueba y esta omisión en realidad sirve de fundamento al primer señalamiento de error.   Lo que la ley prohibe es el portar cualquier arma o instrumento con el cual se pueda causar daño corporal.  Es el acto de portar un arma lo que está prohibido.  Este acto o *res gesta* puede ser probado por cualquiera de las formas conocidas en la ley.   El acto es la primera cuestión y la presentación del revólver es un asunto incidental o secundario.   En verdad las autoridades cuando se trata de un instrumento peligroso hablan en el sentido de demostrar que puede presentarse una pistola u otro instrumento semejante, asumiendo aparentemente que la presentación no es un requisito necesario.   La corte, de ser necesario, tomará conocimiento judicial (16 C. J. 517) de que un arma usada como ésta era una pistola y peligrosa.   La cuestión fué considerada por nosotros en el caso de *El Pueblo* v. *Julián*, 18 D.P.R. 940, a virtud de la ley de 1905 como fué enmendada y no encontramos nada en la nueva ley que nos haga variar de opinión.   Esa decisión la hemos aprobado en el caso de *El Pueblo* v. *Nieves*, resuelto en el día de hoy.   Generalmente, siendo posible, debe presentarse el arma.

[2] El apelante llamó la atención hacia el hecho de que a él también se le acusaba por acometimiento y agresión con circunstancias agravantes.   El apelante, según parece, alegó que las únicas dobles acusaciones que podían tener lugar de acuerdo con la ley sería por conducta desordenada y portar un arma prohibida.   Esta contención se funda en el artículo 11 de la ley, el cual prescribe lo siguiente:

"Las penalidades que por infracción a las disposiciones de esta Ley se impongan a personas en estado de embriaguez y de conducta desordenada serán en adición a las penas en que dichas personas incurran por su conducta desordenada."

La contestación completa a esta contención es que las palabras no se prestan para tal interpretación.

Los demás errores envolvían la apreciación de la prueba. El acusado trató de probar una coartada (*alibi*), y que era imposible que él hubiera estado en el cafetín. La corte llegó a otra conclusión y no vemos ninguna razón para revocar la sentencia que *debe ser confirmada.*