El Pueblo de Puerto Rico, demandante y apelado, *v.* Buenaventura González, acusado y apelante.

No. 3890.—*Sometido:* Julio 22, 1929. *Resuelto:* Julio 26, 1929.

*Felipe Colón,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Buenaventura González fué acusado de portar un machete, arma prohibida por la ley. (*El Pueblo* v. *Rivera,* 35 D.P.R. 545; *El Pueblo* v. *Franco,* 36 D.P.R. 956). Negó la acusación. Fué la causa a juicio y la prueba del Pueblo demostró que Benito Alvelo, policía insular, ocupó un machete al acusado hallándose éste herido, sentado en el primer peldaño de una escalera que conduce a su casa de campo, cuyo primer peldaño está sobre la cuneta de una carretera pública, y demostró además que el acusado momentos antes fué con su ma-

chete al frente de la casa de Rafael Pérez que se encontraba sentado en su dicha casa, y lo hirió, trabándose entonces una lucha en la cual resultó también herido el acusado. La prueba de la defensa acepta el hecho de la ocupación del arma en el sitio indicado y el de la lucha, pero insiste en que el acusado venía de trabajar de otra finca suya y usaba el machete en sus labores de costumbre, debiendo considerarse el primer peldaño de su escalera como su propia finca.

Al terminar la práctica de la prueba y los informes de las partes, y al proceder a dictar su sentencia, la corte se expresó así:

"La corte suscribiría todas y cada una de las manifestaciones que ha hecho el letrado defensor en defensa de este acusado. Eso es así: así lo ha resuelto el Tribunal Supremo; pero la prueba en este caso demuestra algo que lo saca de lo resuelto por el Tribunal Supremo, y es el hecho—claramente por la prueba se demuestra—de que el acusado fué a buscar al que resultó herido portando esta arma, que si bien es un arma para el trabajo, lo es dentro de la finca y en determinado momento, pero una vez que sale de eso, se cruza una carretera, y se va a buscar a una persona, ahí surge la comisión del delito entonces, y el acusado no está dentro de lo que el Tribunal Supremo ha dicho restringiendo la ley de portar armas, y a juicio de la corte ha cometido un delito de portar armas, porque portaba el arma ilegalmente."

No conforme el acusado apeló y en su alegato insiste en que portaba el arma legalmente. Invoca en apoyo de su contención el caso de *El Pueblo* v. *Segarra,* 36 D.P.R. 116.

A nuestro juicio no tiene razón el apelante.

En el caso invocado esta corte se expresó así:

"Emilio Segarra fué acusado y convicto de portar un arma prohibida, es decir un machete. Al dictar su sentencia la corte de distrito dijo:

" 'Mientras el acusado portaba el arma en las funciones de su cargo estaba dentro de ley, estaba portándola legalmente; pero desde el momento en que esa arma la empleó para otros fines, ya desde este momento, aun estando dentro de la finca a su cargo, estaba portando el arma ilegalmente, estaba usándola para fines de ofensa y defensa.

Entiende la Corte que en esas condiciones debe declarar a este acusado y así lo declara culpable de un delito de portar armas prohibidas, lo condena a sufrir una pena de 45 días de cárcel, sin costas.'

"(1, 2) Convenimos con el fiscal de esta corte en que la prueba solamente tendía a demostrar que el acusado portaba el arma en cumplimiento de sus quehaceres ordinarios. No estamos de acuerdo con la corte inferior en que el uso ilegal del machete hacía que el acusado fuera culpable de portar un arma según lo prohibe la ley. Si el acusado hizo uso indebido de su arma, él era culpable de un delito, pero no del delito imputádole.

"Según el razonamiento de la corte inferior cualquier funcionario u otra persona autorizada para portar armas sería igualmente culpable si usara el arma en forma indebida. Lo que la ley prohibe es la portación ilegal y no el uso ilegal."

Y sostenemos lo dicho. Pero Segarra actuó siempre dentro de su finca y aquí tanto en el momento mismo en que se le ocupó el arma como en los que fué a casa de Pérez y luchó con él, el acusado estaba fuera de su finca.

Seguramente que a nadie se le ocurrirá formular una denuncia contra un labrador que pacíficamente con sus instrumentos de labranza cruce o camine por una vía pública en el curso habitual y ordinario de su trabajo, pero cuando el labrador porta el instrumento para fines de ofensa o defensa, el instrumento es un arma en el sentido de la ley, y como no lo protege el hecho de encontrarse dentro de su casa o finca, su responsabilidad es evidente.

*Debe confirmarse la sentencia apelada.*