EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VICTORIO RÍOS TOLEDO, acusado y apelante.

No. 4239.—*Sometido:* Enero 14, 1931. *Resuelto:* Enero 26, 1931.

*B. Esteves,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un caso de portar armas en el que se imputó al acusado la portación de un cuchillo, y se le condenó a sufrir cinco meses de cárcel. No conforme, apeló, y discutiendo en

su alegato los errores que señala, sostiene, copiando textualmente:

"(a) La portación incidental de un arma o instrumento con motivo de un disgusto ocurrido entre el acusado y otra persona, no es la portación ilegal que contempla y castiga la ley.

"(b) Cuando una persona tiene un disgusto personal con otra, en una calle, y sale corriendo a buscar un cuchillo de uso en su casa, que está casi frente al sitio de la calle donde se origina el disgusto, y regresa—corriendo también—con el cuchillo en la mano y en estas circunstancias usa dicho cuchillo para herir a su adversario que lo ha esperado en el mismo sitio, tal actuación podrá constituir un delito de acometimiento y agresión o de mutilación; pero la portación de dicho cuchillo, cogido así incidentalmente y en el calor de la disputa y llevado desde tan cerca a la vista de todos los presentes, no constituye una infracción a Ley de Portar Armas Prohibidas.

"(c) Es la portación ilegal del 'arma prohibida' lo que la ley castiga y no el uso que el acusado haya hecho de dicha arma.

"(d) Cuando se alega la portación de un cuchillo como *arma mortífera* y los mismos testigos de cargo lo describen como un cuchillo 'corriente de cocina,' que no tiene forma de puñal, que según uno de los testigos tiene de 7 a 8 pulgadas de hoja, según otro tiene de 6 a 6½ y según otro de 7 a 6½; no habiéndose ocupado dicho cuchillo ni presentado como prueba y siendo defectuosa su identificación en juicio, comete error y demuestra pasión y prejuicio contra el acusado la Corte que lo declara culpable de portar armas prohibidas y lo condena a sufrir la pena de cinco meses de cárcel, que es casi el máximum fijado por el estatuto."

Estamos conformes con lo dicho en el párrafo (c). En el caso de *El Pueblo* v. *Díaz* se resolvió que "la portación ilegal y no el uso ilegal de un arma es lo que está prohibido por la ley". Pero de ello ningún beneficio puede derivar el acusado, porque aquí no se le condenó por usar ilegalmente un arma, sino por portarla ilegalmente.

Puede admitirse la verdad de lo que se consigna en los párrafos (a) y (b), en cuanto a los hechos, pero no en cuanto a que lo que se deduce y concluye en ellos esté sostenido por la ley y la jurisprudencia. Aquí si algo demuestran las circunstancias concurrentes, es que el acusado, aunque

fuera por los breves momentos en que iba corriendo desde su casa cercana al sitio de la calle en que hirió a otra persona, portó, con verdaderos fines de ofensa o defensa, un arma con la que podía causarse daño corporal.

También puede admitirse que los hechos surgen de la prueba tales como se narran en el párrafo (d), pero no que las conclusiones a que en él se llega estén basadas en la ley o en la jurisprudencia.

█ Un "cuchillo de cocina" portado en la forma en que lo portaba el acusado en este caso, es claramente una de las armas o instrumentos con los cuales "puede causarse daño corporal", cuya portación prohibe la ley.

█ En cuanto a la circunstancia de no haberse presentado como prueba el cuchillo, bastará decir que se ha resuelto varias veces que la ocupación del arma y la presentación de la misma como prueba en el acto del juicio, no son absolutamente indispensables para un fallo condenatorio, si la otra prueba es bastante para concluir que en realidad de verdad el acusado portaba un arma prohibida. *El Pueblo* v. *Nieves*, 35 D.P.R. 53, y *El Pueblo* v. *Claudio*, 35 D.P.R. 55.

La pena impuesta está dentro de los límites fijados por la ley. Un examen de los autos no revela que el juez la impusiera por pasión, prejuicio, o parcialidad, sino ejercitando la discreción que tiene para ello.

*Debe confirmarse la sentencia recurrida.*