El Pueblo de Puerto Rico, demandante y apelado, *v.* Epifanio Torres, acusado y apelante.

Núm. 6260.—*Sometido:* Diciembre 9, 1936. *Resuelto:* Diciembre 11, 1936.

*Negrón López & Negrón López,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Epifanio Torres fué acusado y declarado culpable de haber infringido el artículo primero de la Ley prohibiendo

portar armas. Se alega en la acusación que dicho acusado, ilegal y voluntariamente, portaba y conducía un cuchillo, siendo dicho cuchillo un arma con la cual puede causarse daño corporal.

 Se atribuyen a la corte dos errores, que pueden condensarse en uno sólo: insuficiencia de la prueba para declarar culpable al acusado.

A juicio de la defensa, si se probó la portación de un arma, ésta fué una cuchilla y no un cuchillo. Se arguye que existe conflicto entre la propia prueba de El Pueblo, porque dos de sus testigos, policías insulares, declararon que el acusado había admitido que portaba una cuchilla, y otros dos testigos habían declarado que portaba un cuchillo.

Se añade que en este caso no se ocupó el arma y que por lo tanto la prueba debe ser fuerte, y se cita el caso de *Pueblo* v. *Cartagena*, 37 D.P.R. 281 donde se dice que cuando ni se ocupa ni se presenta el arma, la prueba de su existencia debe ser clara y convincente.

El policía insular Esteban Pratts declara que el acusado le manifestó que portaba una cuchilla. Jesús María Malavé, también policía insular, dice que dicho acusado le dijo que portaba una cuchilla plegadiza. Ramón Andino declara que el acusado tenía en la mano un cuchillo que ''le sobresalía bastante para afuera, como cinco pulgadas.'' Cuando se le pregunta si está seguro de que fuese un cuchillo, responde que dice cuchillo porque entre claro y obscuro no se podía precisar si era largo y el acusado se quedó amenazándolo. Antes de cometer el delito no le vió nada al acusado. Después ''le vió un cuchillo así, después que cerró la mano, le sobresalía bastante.'' Marcelo Cruz dice que vió al acusado cuando le tiró con un cuchillo a Pedro Yubién, por el lado derecho; que Yubién murió al poco rato y que no sabe si después se le ocupó el arma al acusado; que esto ocurrió como de siete y media a ocho de la noche; que vió el cuchillo, un arma, una hoja de hierro

que sobresalía de la mano del acusado. Ésta es, en síntesis, la evidencia aportada por El Pueblo.

Los testigos de la defensa declaran que no vieron arma alguna en el lugar del suceso ni saben quién fué la persona que infirió la herida que ocasionó la muerte a Pedro Yubién. La defensa hace hincapié en el testimonio de los policías, quienes, como hemos dicho, declaran que el acusado manifestó que portaba una cuchilla. No hay duda alguna de que Epifanio Torres portaba un arma. La única cuestión a resolver es si se trataba de una cuchilla plegadiza o de un cuchillo. El testigo Marcelino Cruz declara de una manera categórica que el acusado portaba un cuchillo, una hoja de hierro, que le sobresalía de la mano. Ramón Andino también nos dice que el acusado portaba un cuchillo.

Esta corte ha declarado, en *Pueblo v. González*, 36 D.P.R. 52, y en *Pueblo v. Cruz*, 36 D.P.R. 94, que cuando se imputa la portación de un cuchillo no es necesario alegar el largo de dicha arma, porque "no se trata de cortaplumas o cuchillas plegadizas de bolsillo, sino de un cuchillo que, según el diccionario, es un 'instrumento de hierro acerado y de un corte solo, con mango de metal, madera u otra cosa,' que no se lleva generalmente sobre la persona."

Es claro que si no es necesario alegar en la acusación el tamaño del arma, tratándose de un cuchillo, tampoco está obligado el Pueblo a presentar prueba sobre cuestiones que son materia de defensa.

La corte inferior dió crédito al testimonio de los testigos de El Pueblo. De acuerdo con esta prueba, creída por el tribunal *a quo*, el acusado admitió que portaba una cuchilla plegadiza; pero no la entregó a la policía para demostrar que estaba diciendo la verdad. Por el contrario, el arma desapareció de sus manos sin que pudiese averiguarse su paradero. El policía Esteban Pratts denunció ante el fiscal a Epifanio Torres por la portación de un cuchillo. No puede decirse que hay incongruencia entre la evidencia del Pueblo, la denuncia y la acusación· fiscal ba-

718

sada en la misma, porque hay dos testigos que sustienen que el acusado portaba un cuchillo y ninguno de los policías niega la verdad de esta afirmación, limitándose a poner en conocimiento de la corte la admisión de dicho acusado. No es extraño que la corte pusiese en tela de juicio la admisión de este último de que portaba una cuchilla plegadiza, sin exhibir el arma, que hubiera podido demostrar fuera de toda duda la certeza de su afirmación. Hay otro factor además que la corte inferior pudo tener en cuenta, y es el natural interés de dicho acusado en su propia causa. No habiéndose demostrado que dicho tribunal actuara movido por pasión, prejuicio o parcialidad, ni que incurriera en manifiesto error en la apreciación de la prueba, entendemos que *procede la confirmación de la sentencia apelada.*

El Juez Presidente Señor del Toro no intervino.