JOSÉ DEL CARMEN DE JESÚS y PETRONILA BURGOS, demandantes y apelantes, *v.* MANUEL COLÓN y su esposa MARÍA FONTÁN, demandados y apelados.

Núm. 7001.—*Sometido:* Abril 23, 1936.—*Resuelto:* Abril 28, 1937.

*Luis Mercader,* abogado de los apelantes; *V. Polanco de Jesús,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Esta apelación se refiere a un recurso iniciado con el fin de obtener la nulidad de un procedimiento ejecutivo sumario. Sucede que en 8 de diciembre de 1928 los demandantes otorgaron hipoteca a favor de Manuel Colón y su esposa para garantizar el pago de una deuda de $4,080.21. La hipoteca vencería a las 15 años y devengaría intereses al 6 por ciento anual a contar del 1°. de noviembre de 1930. Contenía dos cláusulas cuyo incumplimiento adelantaba el vencimiento del contrato (*accelerating clauses*). La primera de ellas tendría efecto si los deudores dejaban de pagar un año de intereses; la segunda si dejaban de cuidar y cultivar debidamente la finca hipotecada. La hipoteca fué ejecutada por haberse dejado de cumplir con ambas condiciones.

La demanda que tenemos ante nos aducía que las alegaciones en el procedimiento ejecutivo relativas a la falta de pago de los intereses de un año y a la falta de los demandantes de cuidar debidamente la finca eran falsas y maliciosas. Los demandantes también alegaron como causa de nulidad que los autos dejaban de demostrar la publicación de edictos. La otra causa de acción de la demanda aducía una penetración injustificada en la finca con los consiguientes daños a los demandantes. La contestación negaba los hechos alegados y también contenía una contrademanda en cobro del principal más los intereses y otros gastos incurridos en el cuido de la finca, incluyendo las contribuciones pagadas. Luego de un juicio sobre los méritos la corte declaró sin lugar la demanda de nulidad.

La corte sentenciadora halló que hubo un incumplimiento sustancial en el pago de los intereses correspondientes al primer año; que los deudores no cultivaron propiamente ni cuidaron la finca de acuerdo con el convenio y entendido entre las partes; y que la ausencia en los autos del ejecutivo sumario de demostrar afirmativamente la publicación de edictos requeridos por la ley fué posteriormente subsanada con prueba oral y declaraciones juradas, que la llevaron al convencimiento de que éstos en realidad fueron publicados.

Los demandantes en el presente recurso trataron de probar que no había intereses vencidos y en descubierto al tiempo en que se ejecutó la hipoteca. Trataron de demostrar que los intereses correspondientes al primer año, ascendentes a $244.81 habían sido pagados, en lo que a $112 de los mismos se refería con la entrega al acreedor hipotecario de cierto café y con su reconocimiento escrito al efecto de que solamente estaban en descubierto $133.60 por concepto de intereses. En lo que a este saldo se refería sostenían que el mismo fué pagado a virtud del hecho de que el acreedor hipotecario, Colón, así ellos sostenían, había servido de fiador a uno de los hijos de los deudores en el arrendamiento de

la finca hipotecada y por tal concepto les debía $150, cantidad que cubría en exceso el saldo mencionado.

Los apelantes han señalado cinco errores. Los tres primeros se refieren a las conclusiones de la corte inferior sobre: (*a*) la falta de los apelantes de pagar los intereses del primer año; (*b*) la falta de cultivar y cuidar debidamente la finca; y (*c*) el hecho de que la propiedad fué vendida por el márshal sin que existieran en autos declaraciones juradas para probar que se habían publicado edictos.

Los últimos dos errores se dirigen a la apreciación de la prueba y a haber dejado la corte de conceder costas a los apelados.

En lo que al primer señalamiento se refiere, creemos que la corte no cometió error alguno al dar más peso a la prueba aducida por los demandados en la corte inferior. Considerado el testimonio en su totalidad, el mismo tiende más bien a demostrar que lo que los apelados convinieron fué en ayudar al hijo de los apelantes, que era su propio yerno, más la corte estuvo justificada al concluir que Colón en efecto no garantizó una cantidad específica de las rentas a los deudores hipotecarios ni que en realidad tuvo en mente algo similar a un contrato de fianza. La prueba es clara al efecto de que los acreedores aceptaron $32 en café por $112 del arrendamiento. Esto es enteramente consistente con el testimonio del yerno de los apelados al efecto de que de una manera informal convinieron en ayudarlo en el arrendamiento de la finca a su padre. La responsabilidad de un fiador debe establecerse claramente y convenimos con la corte inferior en que esto no se hizo en el presente caso.

Aunque nos inclinamos a considerar la discusión del segundo error como de poca importancia después de llegar a la conclusión de que la hipoteca podía ser ejecutada por el incumplimiento en el pago de parte de los intereses del primer año, sin embargo, estamos contestes con la corte inferior en que los apelantes dejaron de cumplir con la otra cláusula por la cual la hipoteca vencía inmediatamente. El

cumplimiento de la condición de cultivar y cuidar debidamente una finca es una proposición en gran parte relativa. No creemos que la corte inferior cometiera ningún error al concluir que se había quebrantado tal condición.

En lo relativo a edictos lo importante es que en efecto se publiquen y cualquier omisión oficinesca o cualquier inadvertencia respecto a hacer que el *hecho* de la publicación aparezca en los autos puede subsanarse en cualquier momento posterior mediante prueba concluyente a ese respecto. En el caso que tenemos a la vista, el expediente en el procedimiento ejecutivo muestra una declaración del editor de La Democracia, periódico local, al efecto de que los edictos fueron debidamente publicados. Esta declaración, sin embargo, no está jurada. Más tarde, un *affidavit* debidamente jurado conteniendo la misma declaración fué suministrado. Somos del criterio de que éste bastaba para subsanar la omisión original. En la escritura otorgada por el márshal a los acreedores hipotecarios se hace constar igualmente la publicación de los edictos.

Por la anterior discusión se hace innecesario considerar el error relativo a la cuestión de costas.

Encontramos que la corte inferior no cometió error manifiesto en la apreciación de la prueba y que *la sentencia apelada debe ser confirmada.*