EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO DE JESÚS TORRES, acusado y apelante.

Núm. 10929.—*Sometido:* Febrero 8, 1946. *Resuelto:* Abril 24, 1946.

*Antonio L. López* y *Federico E. Virella,* abogados del apelante; *Hon. Procurador General E. Campos del Toro, L. Negrón Fernández, Procurador General Auxiliar* y *J. Rivera Barreras,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El acusado fué denunciado ante la Corte Municipal de Caguas por el delito de portar armas. Alega la denuncia, en síntesis, que el día 6 de enero de 1943, a las cinco de la tarde, en el Barrio Anón, de Caguas, el acusado portaba sobre su persona con fines de ofensa y defensa, una cuchilla hecha de una daga, de alrededor de ocho pulgadas de largo, en forma curva, de las usadas para cortar arroz en el campo, cabo de madera, la cual es un arma mortífera con la que el acusado causó grave daño corporal a Julio Torres, arma que portaba el acusado sin que se encontrara en la práctica, o se dispusiera a practicar, deporte, arte u oficio alguno.

Fué hallado culpable en la corte municipal y no conforme con el fallo apeló para ante la corte de distrito, donde se celebró el juicio *de novo,* y, al ser convicto, estableció el presente recurso en el que alega que el tribunal inferior erró al resolver que el arma que el acusado portaba era una de las que contempla la ley prohibiendo su portación o conducción; al resolver que el acusado era culpable de acuerdo con la denuncia y con la prueba; al declarar culpable al acusado porque habiéndose ocupado el arma la misma no fué identificada ni la misma fué ofrecida como prueba, y porque la corte inferior actuó movida por prejuicio, pasión y parcialidad.

El artículo primero de la Ley prohibiendo la portación de armas, de 1924 (pág. 115), dice que "Toda persona que ilegalmente portare o condujere, cualquier arma o instrumento con el cual pueda causarse daño corporal, incurrirá en pena de prisión de un mes a seis meses." El inciso primero del artículo quinto de la misma ley, al hablar de los casos en que la misma no será aplicable, lee así:

"Las disposiciones de esta Ley no serán aplicables—1. A la portación de los útiles, herramientas e instrumentos de las artes, profesiones, oficios y ocupaciones o deportes cuando se portaren con motivo u ocasión de los mismos."

Arguye el apelante que un cuchillo de cortar arroz no es una de las armas que contempla el estatuto. No tiene razón.

En el caso de *Pueblo* v. *González*, 40 D.P.R. 71, se resolvió, citando del sumario, que "En proceso por portar un arma —machete—cuando la prueba tiende a demostrar que el acusado en el momento mismo en que se le ocupó como en los que fué a casa de un tercero y luchó con él, estaba fuera de su finca, el machete es un arma prohibida en el sentido de la ley." Y en la opinión se dijo a la página 73:

"Seguramente que a nadie se le ocurrirá formular una denuncia contra un labrador que pacíficamente con sus instrumentos de labranza cruce o camine por una vía pública en el curso habitual y ordinario de su trabajo, pero cuando el labrador porta el instrumento para fines de ofensa o defensa, el instrumento es un arma en el sentido de la ley, y como no lo protege el hecho de encontrarse dentro de su casa o finca, su responsabilidad es evidente."

En dicho caso se distinguió el de *Pueblo* v. *Segarra*, 36 D.P.R. 116, en el cual se resolvió que el uso ilegal de un machete dentro de su finca cuando lo portaba en cumplimiento de sus quehaceres ordinarios no constituía el delito de portarlo ilegalmente.

Asimismo en el caso de *Pueblo* v. *Ríos*, 41 D.P.R. 764, resolvimos que "Un 'cuchillo de cocina', según la forma en que se porte, es una de las armas o instrumentos con los cuales puede causarse daño corporal, cuya portación prohibe la ley."

En el de autos la prueba demuestra que los hechos ocurrieron en un día de fiesta, el 6 de enero; que el acusado no estaba trabajando sino que al llegar al sitio del suceso en un camino intervino en una riña y con una cuchilla "curva o curvia", de unas ocho pulgadas de largo que portaba, hirió a Julio Torres; que dicha cuchilla era de las que se usan para cortar arroz y estaba hecha de un pedazo de mocho o daga. El hecho de que los testigos no especificaran con exactitud el largo de la hoja de la cuchilla, no tratándose de un cortaplumas o navaja plegadiza, carece de importancia. *Pueblo* v. *González*, 36 D. P. R. 52.

█ No se cometieron los dos primeros errores señalados y tampoco el tercero pues, según hemos resuelto en varias ocasiones, no es requisito indispensable en procesos de esta naturaleza que el arma sea presentada en evidencia si la corte queda convencida por la prueba de que en efecto el acusado la portaba ilegalmente. *Pueblo* v. *Carrillo*, 51 D.P.R. 365. El último señalamiento no ha sido argumentado por el apelante y no tenemos que considerarlo. *Pueblo* v. *Soto*, 40 D.P.R. 409.

*Debe confirmarse la sentencia apelada.*