EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MI-
GUEL ÁNGEL FERNÁNDEZ VÁZQUEZ, acusado y apelante.

Número 15364.
*Sometido:* 1 de abril de 1954. *Resuelto:* 25 de mayo de 1954.

*Enrique Báez García,* abogado del apelante; *Hon. Secretario de
Justicia José Trías Monge* y *J. Rivera Barreras, Fiscal del
Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del tri-
bunal.

El señor Fiscal del anterior Tribunal de Distrito de
Puerto Rico, Sección de Mayagüez, formuló acusación contra
el acusado señor Miguel Ángel Fernández Vázquez, por un
delito de portar armas, cometido de la manera siguiente: "el
referido acusado Miguel Ángel Fernández Vázquez, allá en
o por el día 4 de junio de 1951, y en Mayagüez, Puerto Rico,
que forma parte del Distrito Judicial de Puerto Rico, ilegal,
voluntaria y maliciosamente portaba sobre su persona, para
fines de ofensa y defensa, un cuchillo, que es un arma mortí-
fera con el cual puede causarse grave daño corporal."

El caso se vió conjuntamente con una acusación sobre
atentado a la vida, ante un tribunal de derecho, por haber
renunciado el acusado a. ser juzgado por un jurado. Des-
pués de desfilar la prueba de la acusación y la prueba de
defensa, el ilustrado Juez sentenciador declaró al acusado
culpable del delito que se le imputaba.

■■ El acusado y apelante señala contra la sentencia de la ilustrada Sala sentenciadora, el siguiente error: "el antiguo Tribunal de Distrito, (hoy Tribunal Superior), Sala de Mayagüez, cometió error manifiesto de hecho y de derecho e incurrió en pasión y prejuicio al apreciar la prueba.... y declarar culpable al acusado de....portar armas." La prueba demostró que el acusado y apelante, acometió y agredió con un cuchillo a la perjudicada señora Paquita Mercado Morales, infiriéndole dos heridas incisas que penetraron ambas en el tejido adiposo, o sea, la capa de grasa después de la piel.

El manifiesto error de hecho y de derecho cometido por la Sala Sentenciadora, según se desprende del alegato del. acusado y apelante, consistió en haber declarado suficiente la prueba presentada para la descripción del arma. La perjudicada describió el arma con la cual fué herida por el acusado como un cuchillo, "marca Mayor, de cocina, como de seis pulgadas de ancho, de cabo negro."

El art. 4 de la Ley núm. 17 de 19 de enero de 1951 para "reglamentar la posesión, portación, venta y uso de armas en Puerto Rico, definir delitos e imponer penalidades etc.", dispone que "toda persona que posea, porte o conduzca cualquier arma de las comúnmente conocidas como *black jacks*, cachiporras o manoplas; toda persona que porte o conduzca cualquier arma de las conocidas como *cuchillo*, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, punzón o cualquier instrumento similar, y excepto cuando se portaren o condujeren en ocasión de su uso como instrumentos propios de un arte, deporte, profesión, ocupación u oficio, e incluyendo además las hojas de navajas de afeitar de seguridad y garrotes cuando éstos se sacaren, mostraren o usaren en la comisión de un delito público o en la tentativa de cometerlo; *y toda persona que usare contra otra cualesquiera de las armas nombradas anteriormente en este artículo* será culpable de delito menos grave, (misdemeanor) y si ha sido convicta previamente de cualquiera infracción a esta ley, o

de cualquiera de los delitos especificados en el artículo 17 de la misma, será culpable de delito grave (felony)."

No creemos que tal y como ha quedado redactado el nuevo art. 4, tenga alguna importancia la descripción de un cuchillo usado en un acometimiento y agresión contra una persona, a menos que de la prueba no surja la duda de si se trata de una cuchilla plegadiza de menos de tres pulgadas de largo, art. 44 (*d*) de la misma ley o de un cuchillo, *Pueblo* v. *Jiménez*, 74 D.P.R. 256 (Snyder), (1952), cita precisa a la pág. 259. Hemos estudiado el punto levantado por el acusado y apelante, dentro de nuestra anterior jurisprudencia con vista a otras leyes de armas y hemos encontrado que una descripción general del cuchillo por uno de los testigos que presenciaron el acometimiento y agresión con circunstancias agravantes, es suficiente para declarar culpable al agresor de un delito de portar armas. *Pueblo* v. *De Jesús*, 65 D.P.R. 932, (*Todd hijo*), (1946), cita precisa a la pág. 934; *Pueblo* v. *Torres*, 50 D.P.R. 715, (*Córdova Dávila*), (1936), cita precisa a la pág. 717; *Pueblo* v. *Ríos*, 41 D.P.R. 764, (*Del Toro*), (1931), cita precisa a la pág. 766.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Sr. Snyder no intervino.