# 96 DTA 56

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

EL PUEBLO DE PUERTO RICO
Recurrido

v.

ANTONIO RONDON ACOSTA
Peticionario

---

EL PUEBLO DE PUERTO RICO
Recurrido

v.

ORLANDO VARGAS CASILLAS
Peticionario

Núms. KLCE-96-00212/KLCE-96-00204

San Juan, Puerto Rico, a 28 de marzo de 1996

Panel integrado por su presidente, Juez Negrón Soto
y los Jueces González Román y Urgell Cuebas

Urgell Cuebas, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El peticionario, Antonio Rondón Acosta, en el caso Núm. KLCE-96-00204, acude ante nos en Petición de *Certiorari*, para revisar una Resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 6 de febrero de 1996. Dicha moción declaró no ha lugar una moción de desestimación de la acusación de violación a los Arts. 6 y 8 de la Ley de Armas, 25 L.P.R.A. secs. 416 y 418, presentada por el peticionario al amparo de la Regla 64(p) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(p).

Por otro lado, el peticionario Orlando Vargas Casillas, en el caso Núm. KLCE-96-00212, recurre ante este foro en Petición de *Certiorari*, para revisar otra Resolución del Tribunal de Primera de Instancia, Sala Superior de San Juan, dictada el 7 de febrero de 1996, la cual declaró no ha lugar una moción de desestimación de la acusación de violación a los Arts. 6 y 8 de la Ley de Armas, *supra*, bajo la Regla 64(p), *supra*.

Aducen los peticionarios, quienes están representados por abogados de la Sociedad Para Asistencia Legal, que el tribunal de instancia incidió al declarar no ha lugar sus mociones de desestimación. Sostienen, entre otras alegaciones, que en la vista preliminar que se celebró en sus respectivos casos, el Ministerio Público no presentó evidencia suficiente para establecer que las armas de fuego ocupadas eran capaces de disparar, lo que según ellos, es un elemento de los delitos imputados.

Toda vez que ambas Peticiones de *Certiorari* envuelven hechos similares e idénticos señalamientos de error, consolidamos los casos y ordenamos al Procurador General expresarse sobre las mismas, con lo que oportunamente cumplió.

Considerados los escritos de las partes, procedemos a denegar los recursos de *certiorari*.

Los hechos envueltos en los dos (2) casos son similares y los mismos no están en controversia.

El 21 de noviembre de 1995, se le ocupó al Sr. Rondón un revolver marca Colt, modelo Detective Special, calibre 38, serie C10390, cargado con seis (6) balas calibre 38, con número de propiedad D.R.N. 16138. Además, se le ocupó un multicargador con cinco (5) balas.

En el caso del Sr. Vargas, el 23 de noviembre de 1995 se le ocupó una pistola marca Smith & Wesson, calibre 9mm, serie TZH-D498, cargada con un peine que contenía quince (15) balas.

En ambos casos, al celebrarse la vista preliminar ante el Tribunal de Primera Instancia, Sala Superior de San Juan, declaró como testigo el agente de la policía que ocupó las armas cargadas, reiterando en esencia lo expuesto en las denuncias presentadas contra los peticionarios. El tribunal encontró causa probable contra ellos bajo los Arts. 6 y 8 de la Ley de Armas, *supra*.

Los peticionarios solicitaron, en sus respectivos casos, la desestimación bajo la Regla 64(p), *supra*, basándose principalmente en el siguiente planteamiento:

*"SEPTIMO: En el presente caso la declaración del agente fue prístina en cuanto al elemento del arma. El agente indicó que no sabía si el arma era o no capaz de disparar y que no se le había hecho prueba de balística a los efectos de demostrar si actúa por la 'acción de expansión de gases' o no. El Ministerio Público tampoco presentó prueba documental alguna a esos efectos. Ni siquiera trajo el*

*arma ocupada en el caso como evidencia, a pesar de ésta estar en poder del Estado."* ■

Las mociones de desestimación fueron declaradas no ha lugar. No conformes con el dictamen del tribunal, los peticionarios acuden ante este Foro señalando que el tribunal de instancia erró al declarar no ha lugar las mociones de desestimación, a pesar de *"haber ausencia total de prueba del elemento esencial exigido por la Ley de Armas, de que el arma tiene que ser capaz de lanzar una munición o municiones por la expansión de gases."* ■

La naturaleza de la vista preliminar fue resumida por el Tribunal Supremo en *Pueblo v. Rivera Alicea,* 125 D.P.R. ___ (1989), **89 JTS 108**, de la siguiente manera:

*"La vista preliminar es "un procedimiento preliminar al juicio que se celebra ante un magistrado para que se determine si el delito imputado en la denuncia ha sido cometido y si hay causa probable para creer que la persona así denunciada lo cometió." Nuncio Fratallone, La Vista Preliminar, 63 Rev. Der. Puertorriqueño, 231 (1977). Dicha vista está fundamentada en la política pública de "evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso criminal". Pueblo v. López Camacho, 98 D.P.R. 700, (1970). Su propósito es determinar si es necesario celebrar un juicio plenario contra el imputado, con las gravosas consecuencias que ello conlleva tanto para éste como para el Estado. En su dinámica interna funciona a base de probabilidades, esto es, si es probable que se haya cometido el delito y si probablemente fue cometido por el imputado. Regla 23(c) de Procedimiento Criminal. De ahí, que no exista una determinación final de inocencia o culpabilidad en esta etapa. Tal determinación se hace en el juicio propiamente. Pueblo v. Rodríguez Aponte, 116 D.P.R. 653, 660 (1985); Pueblo v. González Pagán, ___ D.P.R. ___ (1988), 88 JTS 27."*

Con respecto al *quántum* de prueba requerido en la vista preliminar, el Tribunal Supremo se expresó sobre ello en *Pueblo v. Rodríguez Aponte,* 116 D.P.R. 653, 664 (1985), cuyas expresiones reiteró y elaboró en *El Vocero de P.R. v. E.L.A.,* 132 D.P.R. ___ (1992), **92 JTS 108,** pág. 9844, de la siguiente manera:

*"Una vez se decide celebrar la vista preliminar, para que el magistrado que preside la misma pueda ordenar la detención del imputado de delito, la prueba debe demostrar que existe causa probable para creer que se cometió un delito y que el imputado fue su autor. Vázquez Rosado v. Tribunal Superior, 100 D.P.R. 592 (1972). Esto es: "A la luz de los elementos del delito imputado el juzgador debe determinar si tal prueba **establece la probabilidad de que estén presentes todos los elementos,** a saber, la probabilidad de que se haya cometido tal delito imputado. Concomitante a dicho examen, debe determinar si hay prueba que probablemente conecte al imputado con el delito probablemente cometido." Pueblo v. Rivera Alicea, supra, pág. 7282. Para probar la existencia de causa probable el fiscal no viene obligado a presentar toda la prueba de que dispone. No tiene que probar la culpabilidad del acusado más allá de toda duda razonable. Pueblo v. Figueroa Castro, 102 D.P.R. 279, 284 (1984)..... La vista preliminar, no es ni debe convertirse en un 'mini juicio'; todo lo que se requiere para determinar que existe causa probable es una prueba que establezca prima facie, que **probablemente se cometió el delito** y que el imputado fue **el que probablemente lo cometió."*
(Enfasis suplido.)

Respecto a la validez de la decisión a que llega el tribunal en la vista preliminar, a la página 9845 del Vocero, *supra*, el Tribunal Supremo indica:

*"La decisión por el magistrado en vista preliminar **goza de una presunción legal de corrección.** Pueblo v. Tribunal Superior, 104 D.P.R. 454 (1975). Esto obedece a que, al tomar su determinación, el magistrado actúa entre las partes como juez y no como parte interesada. Pueblo v. Opio Opio, 104 D.P.R. 165, 171 (1975); Pueblo v. Padilla Flores y Ceballo Fuentes, Op. de 16 de enero de 1991, 125 D.P.R. ___ (1991), 91 J.T.S. 2, pág. 8261."* (Enfasis suplido.)

En *Pueblo v. Rivera Alicea, supra,* págs. 7281-7282, el Tribunal Supremo elabora los criterios que tiene que satisfacer un imputado para impugnar la determinación de causa probable de la vista preliminar, y cómo el tribunal debe resolver tal moción de desestimación.

*"... Para ello, el mecanismo procesal es una moción de desestimación, al amparo de la Regla 64(p) de Procedimiento Criminal, con el fin de demostrar que existe **ausencia total de prueba** en cuanto a la probabilidad de que se haya cometido el delito imputado --que no hay prueba sobre uno o todos los elementos del delito-- o sobre la conexión del acusado con el delito imputado. Vázquez Rosado v. Tribunal Superior, supra, págs. 594, 595; Pueblo v. Tribunal Superior, supra; Pueblo v. González Pagán, supra.*

*El análisis adecuado para resolver una moción de desestimación al amparo de dicha regla, requiere examinar la prueba de cargo y defensa vertida en la vista preliminar y la producida por el imputado durante la vista de desestimación. A la luz de los elementos del delito imputado el juzgador debe determinar si tal prueba establece la probabilidad de que están presentes todos los elementos, a saber, la probabilidad de que se haya cometido tal delito imputado. Concomitante a dicho examen, debe determinar si hay prueba que probablemente conecte el imputado con el delito probablemente cometido.*

*El hecho de que a juicio del magistrado la prueba sometida demuestre, con igual probabilidad, la comisión de un delito distinto al imputado, no debe dar base a la desestimación. Sólo en ausencia total de prueba sobre **la probabilidad de que estén presentes y probados uno, varios o todos los elementos del delito imputado o la conexión del imputado con tal delito,** procede decretar la desestimación de la acusación presentada contra el solicitante."* (Enfasis suplido.)

### III

Los peticionarios no cuestionan la existencia de la conexión de las armas ocupadas con ellos. Sus planteamientos van dirigidos a refutar la prueba presentada en la vista preliminar. Alegan que el Ministerio Público no cumplió con el *quántum* de prueba requerido ya que no se presentaron en la vista preliminar las armas ocupadas. Además, que no se presentó prueba sobre uno de los elementos de los delitos imputados, a saber, sobre la capacidad de las armas ocupadas para lanzar una munición por la acción de expansión de gases.

Respecto al quántum de prueba argumentan lo siguiente:

*"... [E]l Estado pretende equiparar los grados de prueba, pues lo que se limitó a hacer en la vista preliminar fue presentar la misma prueba que se presentó en la vista. Regla 6. Y a pesar de que ocuparon el arma de fuego y de que **era requisito traerla a la vista,** o al menos el análisis balístico que demostrara que el arma de fuego ocupada era apta o funcional para expeler una munición por la expansión de gases, no hizo ninguna de las dos cosas. Meramente descansó en el testimonio del policía que dijo que ocupó un arma de fuego y la describió."* ■ (Enfasis añadido.)

Al comentar sobre el *quántum* de prueba requerido para establecer, en un juicio plenario, violación de los Arts. 6 y 8 de la Ley de Armas, *supra*, el Tribunal Supremo, en *Pueblo v. Acabá Raíces,* 118 D.P.R. 369, 374 (1987), expuso:

*"...[D]esde principios de siglo nuestra doctrina jurisprudencial ha reconocido que no es menester presentar [el arma] en evidencia. El Pueblo v. Julián, 18 D.P.R. 940,943 (1912); Pueblo v. Nieves, 35 D.P.R. 53 (1926); Pueblo v. Cartagena, 37 D.P.R. 281, 283 (1927); Pueblo v. Blanco, 77 D.P.R. 767 (1954); Pueblo v. De Jesús, 65 D.P.R. 932 (1946)."*

Esto lo reiteró y lo elaboró el Tribunal Supremo en *Pueblo v. Delgado Ramírez,* 129 D.P.R. ___ (1991), **91 JTS 63,** pág. 8758 de la siguiente manera:

*"... [D]ebemos recordar que para establecer una convicción bajo la Ley de Armas no es indispensable presentar el arma en evidencia. Pueblo v. Prieto Vélez, 93 D.P.R. 102, (1966); Pueblo v. García, 78 D.P.R. 102 (1955); Pueblo v. Blanco, 68 D.P.R. 932 (1948). **Basta que la prueba sea clara y convincente."*** (Enfasis en original.)

La jurisprudencia previamente citada establece que el *quántum* de prueba requerido en la vista preliminar es aquel que establezca la probabilidad de que se cometió el delito imputado, lo cual es un grado menor que el requerido para determinar culpabilidad en el juicio, donde el criterio es prueba

más allá de duda razonable. Pero, según establece la jurisprudencia citada en el párrafo anterior, aún en el juicio en su fondo no es necesario presentar el arma en evidencia para establecer los elementos que configuran el delito.

Considerando que en la vista preliminar el *quántum* de evidencia exigido es menor que en la vista en sus méritos, mucho menos sería correcto requerir que se produzca el arma en la misma como aducen los peticionarios. Tampoco es necesario que en dicha vista se presente un análisis balístico de ésta.

Con respecto a la alegación de los peticionarios a los efectos de que se presentó la misma evidencia en la vista preliminar y en la vista bajo la Regla 6, ██ debemos señalar que el quántum de prueba está definido como un mínimo, para cada etapa de los procedimientos. Si se cumple con el mínimo requerido para la vista preliminar, el hecho de que la misma prueba haya sido presentada en la vista bajo la Regla 6, *supra*, es irrelevante. En este caso se cumplió con todo lo requerido para la vista preliminar, según determinamos en esta Resolución.

Los peticionarios presentan su segunda contención, en la siguiente forma:

*"... [C]reemos que hubo ausencia total de prueba del elemento esencial de que el arma ocupada era capaz de lanzar una munición mediante la acción de la expansión de gases y debían desestimarse las acusaciones por los Artículos 6 y 8 de la Ley de Armas contra el peticionario Orlando Vargas Casillas. La prueba mediante el testimonio del agente Valentín Vázquez Gaetán está carente de este elemento. Específicamente la defensa en instancia le preguntó a dicho agente si el sabía si dicha arma era capaz de disparar y éste contestó que no. De modo que no hubo prueba del elemento esencial que hemos estado argumentando."* ██

Los Arts. 6 y 8 de la Ley de Armas, *supra*, disponen en parte, como sigue:

*"416. Posesión de revólver o arma de fuego sin licencia.*

*Toda persona que tenga o posea cualquier **pistola, revólver** u otra **arma de fuego** sin tener una licencia para ello expedida como más adelante se dispone, será culpable de delito menos grave..."* (Enfasis añadido.)

*418. Portación sin licencia de armas cargadas o sus municiones a la vez.*

*Toda persona que porte, conduzca o transporte cualquier **pistola, revólver** o cualquier otra **arma de fuego** cargada, o que porte o transporte cualquier **pistola, revólver,** o cualquier otra **arma de fuego** y al mismo tiempo porte, conduzca o transporte municiones que puedan usarse para disparar tal **pistola, revólver** u otra **arma de fuego,** sin tener una licencia para portar armas expedida según más adelante se dispone, será culpable de delito grave."* (Enfasis añadido.)

Por su parte el Art. 44 de la Ley de Armas, 25 L.P.R.A. sec. 454, dispone:

*"454. Definiciones*

*Para los efectos de las secs. 411 et seq. de este título, las frases y términos que más adelante se enumeran tendrán la significación y definición siguientes:*

*(a) 7. .............*

*(b) '**Arma de fuego**' significa cualquier arma, no importa cuál sea el nombre por el cual se la conozca, capaz de lanzar una munición o municiones por la acción de expansión de gases.*

*(r) '**Pistola**' es toda arma de fuego que no tiene cilindro, la cual se carga manualmente o por un abastecedor, con un mecanismo de disparo tipo close bolt no diseñado para ser disparado del hombro, capaz de ser disparada en forma semiautomática solamente.*

*(s) 'Revólver' es toda arma de fuego que contenga un cilindro giratorio con varias cámaras que con la acción de apretar el gatillo o montar el martillo del arma se van alineando con el cañón poniendo la bala en posición de ser disparada. "* (Enfasis añadido.)

En primer lugar, es menester apuntar que la ley lo que requiere es que el arma de fuego sea capaz de lanzar una munición o municiones por la acción de la expansión de gases.

Basta la descripción de las armas aquí concernidas, las cuales son conocidas por su marca, modelo, diseño, calibre, etc., para que cualquier juzgador pueda concluir que se trata de una de aquellas que contempla la ley en las definiciones antes transcritas.

En segundo lugar, el argumento de los peticionarios es totalmente inmeritorio. En nuestra función judicial analizaremos, interpretaremos y le daremos aplicación a la ley en la forma más cónsona con su espíritu. Lo que es obvio para todos, también lo es para los jueces. Es claro que las armas aquí descritas fueron diseñadas y son capaces de lanzar una munición. Además, no es pertinente indagar sobre su estado de funcionamiento, que es a lo que en esencia va dirigido el planteamiento de los peticionarios. Ante una situación similar el Tribunal Supremo expresó: *"La ley no establece distinción alguna entre armas de fuego de funcionamiento perfecto e imperfecto. Basta que el arma, como en este caso, responda a la descripción que establece la ley, para que su poseedor venga obligado a cumplir con sus disposiciones."* ▮*Pueblo v. Pérez,* 59 D.P.R. 4S3, 454 (1941). Repetimos, son más que suficientes las descripciones de las armas en estos casos para establecer que se tratan de aquellas expresamente prohibidas por la Ley de Armas de Puerto Rico.

Examinados los argumentos de los peticionarios, concluimos que no incidió el tribunal de instancia al determinar que el Ministerio Público demostró en la vista preliminar la probabilidad de todos los elementos requeridos para que se configuren las violaciones a los Arts. 6 y 8 de la Ley de Armas, *supra.*

## IV

Por las consideraciones anteriores, se deniega la expedición de los autos de *certiorari* solicitados en los casos de epígrafe.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Regístrese y notifíquese por la vía ordinaria. Se dispone, además, que la parte dispositiva de esta Resolución, a los efectos de denegar la expedición de los autos de *certiorari*, se notifique a las partes y al tribunal recurrido por teléfono.

Sonia Pacheco Román
Secretaria General

### ESCOLIOS 96 DTA 56

1. El lenguaje de este párrafo, en ambas mociones de desestimación, es idéntico.

2. Cita parcial del señalamiento de error, según las Peticiones de *Certiorari.*

3. El lenguaje de esta cita se repite en forma idéntica en las dos Peticiones de *Certiorari.*

4. Regla 6 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 6.

5. Esta alegación corresponde al caso del Sr. Vargas Casillas. Otra, esencialmente idéntica, con la debida sustitución de los nombres del imputado y del agente de la policía, se plantea en la Petición de *Certiorari* del Sr. Rondón Acosta.

6. Aunque la opinión fue emitida al interpretar la Ley Número 14 del 8 de julio de 1936, el razonamiento es igualmente aplicable a la presente Ley de Armas .